Case No. 21-55682

Ninth Circuit Court of Appeals


Peter Strojnik (Appellant)

vs.

Village 1017 Coronado, Inc. dba Hotel Marisol Coronado


Appeal from the United States District Court for the District of Arizona


# EXCERPTS OF RECORD


Peter Strojnik
7847 N. Central Ave.
Phoenix, Arizona 85020
(602) 524-6602
ps@strojnik.com
Appellant

## INDEX

### TITLE                                                              ER

Doc 15 - Order Dismissing…………………………………  1

Doc 17-2 Stillman Invoice………………………………  2

Doc 17-2 Greenfield Report……………………………...  3

Doc 25 - Final Judgment…………………………………  4

Doc 43 - Strojnik Motion for OSC against Stillman…….  5

Doc 45 - Order of Coercive Incarceration………………  6

Doc 49 - Notice of Emergency Appeal…………………..  7

Doc 57 - Motion to Stay Order…………………………..  8

Docket Report……………………………………………  9

DATED this 6th day of October 2021.

/s/ Peter Strojnik
Peter Strojnik
Pro Per

ER 1

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK,<br><br>                                        Plaintiff,<br><br>        v.<br><br>VILLAGE 1017 CORONADO, INC.,<br><br>                                        Defendant. | Case No. 19-cv-02210-BAS-MSB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS THE ADA CLAIM FOR LACK OF STANDING AND DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION OVER STATE LAW CLAIMS**<br><br>**[ECF No. 4]** |

Plaintiff Peter Strojnik ("Plaintiff"), proceeding pro se,[1] filed this Complaint alleging three counts for violations of the Americans with Disabilities Act ("ADA"), the California Unruh Act and the California Disabled Persons Act ("DPA"), and one count of negligence. (Compl. ECF No. 1.) Defendant Village 1017 Coronado ("Defendant" or the "Hotel") has moved to dismiss for lack of standing. (Mot. to Dismiss, ECF No. 4.) Plaintiff has responded (Opp'n, ECF No. 6) and Defendant has replied (ECF No. 7). The Court finds this motion suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d)(1). For the reasons stated below, the Court **GRANTS** Defendant's Motion to Dismiss ("Motion") (ECF No. 4).

---

[1] Although Plaintiff was a practicing attorney in Arizona, he has been disbarred by that state, so in this case he is representing himself.

## I.  STATEMENT OF FACTS

### A.  Allegations in the Complaint

Plaintiff claims he is disabled "by virtue of a severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, prostate . . . and renal cancer [and] missing part of a limb (prosthetic right knee)."  (Compl. ¶¶ 2–3.)  Plaintiff says he "walks with difficulty and pain and requires compliant mobility accessible features at places of public accommodation." (*Id.* ¶ 4.)  Plaintiff does not provide greater detail as to the "mobility accessible features" he requires, but he claims that "[b]y virtue of his disability, [he] requires an ADA compliant lodging facility particularly applicable to his mobility, both ambulatory and wheelchair assisted."  (*Id.* ¶ 14.)

Plaintiff says he visited "the Coronado area" on June 25 and 26, 2019 and "encountered barriers to accessibility documented in Addendum A" to the Complaint. (Compl. ¶¶ 15–16.)  Addendum A provides blurry photographs, presumably taken from Defendant's website purporting to show:

- "Improperly configured hardare [sic]"—showing photo of a door handle without further explanation;
- "Naccessible [sic] check-in counter"
- "Improperly configured handrails"—showing an indistinguishable photo without detailing where these handrails are or how they are improperly configured;
- "Improperly configured stairs"—again showing a photo of stairs without detailing where these stairs lead or how they are improperly configured;
- "Inaccessible route"—showing an indistinguishable photo and not explaining where this route leads from or to;
- "Hamdrails [sic] one side only"—without explaining where this route leads from or to;
- "Improperly configured handrails"—again without explaining where this route leads from or to and how the handrails are improperly configured.

1  (Compl., Addendum A.)  Notably, Plaintiff does not allege that he personally encountered

2  these barriers, visited the hotel at 1017 Coronado, or called the facility to see if these

3  barriers exist or if alternative options are available for those with Plaintiff's disabilities.

4  Plaintiff alleges "Defendant owed Plaintiff a duty to remove ADA accessibility

5  barriers so that Plaintiff as a disabled individual would have full and equal access to the

6  public accommodation."  (Compl. ¶ 33.)

7  **B.    Additional Evidence**

8  Defendant presents a surveillance video from June 5, 2019, ostensibly showing

9  Plaintiff checking into a hotel without the need of a wheelchair. (Decl. of Philip Stillman,

10  ¶ 1, ECF No. 4-2.)[2]  The Court further notes that in *Strojnik v. Torrey Pines Club Corp.*,

11  Case No. 19-cv-650-BAS-AHG (S.D. Cal. filed Apr. 8, 2019), involving the same Plaintiff

12  as in this case, the Court held an oral hearing on December 10, 2019.  Plaintiff was able

13  to enter the courtroom at that time unassisted by a wheelchair and did not appear to have

14  difficulty ambulating.  In that case, the Court has an evidentiary hearing scheduled for July

15  24, 2020 on the issue of whether Plaintiff should be declared a vexatious litigant in part

16  for misrepresenting his disability status in that complaint.

17  **II.    ANALYSIS**

18  A motion to dismiss for lack of standing is properly brought under Rule 12(b)(1) of

19  the Federal Rules of Civil Procedure.  *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

20  "Rule 12(b)(1) jurisdictional attacks can be either facial or factual."  *Id.*  With a facial

21  attack, the Court assumes the allegations in the Complaint are true.  *Id.*  However, with a

22  factual attack, "a court may look beyond the [C]omplaint to matters of public record

23  without having to convert the motion into one for summary judgment."  *Id.* (citations

24  omitted).  The Court also "need not presume the truthfulness of Plaintiff's allegations."

25  *Id.; see also McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) ("[W]hen

26  considering a motion to dismiss pursuant to Rule 12(b)(1), the district court is not

27

28  [2] The Court was unable to access this video.

restricted to the fact of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction.").

Plaintiff, as the party asserting federal jurisdiction, has the burden of establishing standing. *Lujan v. Defs. of Wildlife*, 504 US 555, 561 (1992). A court may only exercise jurisdiction if a plaintiff has standing on the date the lawsuit is filed; a plaintiff may not supplement facts supporting standing by visiting a facility after filing. *Brooke v. H.P. Hospitality*, No. ED CV 17-0456-DOC (DTBx), 2017 WL 4586349, at *3 (C.D. Cal. July 11, 2017.)

An ADA plaintiff can establish standing to sue for injunctive relief (the only relief available to a plaintiff under the ADA) either by demonstrating that he was deterred from visiting the facility because of the barriers, or by demonstrating injury-in-fact. *Chapman v. Pier 1 Imports*, 631 F.3d 939, 944 (9th Cir. 2011) (en banc). Injury-in fact "'requires that the party seeking review be himself among the injured." *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1044 (9th Cir. 2008) (quoting *Sierra Club v. Morton*, 405 U.S. 727, 734–35 (1972)). A "desire to lodge in a hotel that provides equal access to persons of all disabilities is insufficient to provide [a plaintiff] with standing to represent such persons' claims." *Gastelum v. Canyon Hospitality*, *LLC*, No. CV-17-02792-PHX-GMS, 2018 WL 2388047, at *4 (D. Ariz. May 25, 2018.)

However, a party seeking to establish standing by alleging deterrence from visiting the facility may do so without actually visiting the facility. *Civil Rights Educ. and Enforcement Ctr. ("CREEC") v. Hospitality Prop. Trust,* 867 F. 3d 1093, 1098 (9th Cir. 2017). If the plaintiff has "'actual knowledge of illegal barriers at a public accommodation to which he or she desires access, that plaintiff need not engage in the futile gesture of attempting to gain access in order to show actual injury.'" *Id.* (quoting *Pickern v. Holiday Quality Foods Inc.,* 293 F.3d 1133, 1135 (9th Cir. 2002)). "'So long as the discriminatory conditions continue, and so long as a plaintiff is aware of them and remains deterred, the injury under the ADA continues.'" *Id.* at 1099.

- 4 -

Additionally, the plaintiff "must demonstrate a real and immediate threat of repeated injury in the future." *Chapman*, 631 F.3d at 946 (quotation omitted). "[D]emonstrating an intent to return to a noncompliant accommodation" is one way to establish this threat of future harm. *Id.* at 949. To determine "whether a plaintiff's likelihood of returning to a defendant is sufficient to confer standing," courts consider factors including "'(1) the proximity of the place of public accommodation to plaintiff's residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the plaintiff's frequency of travel near defendant.'" *Harris v. Del Taco*, 396 F. Supp. 2d 1107, 1113, (C.D. Cal. 2005) (quoting *Molski v. Arby's Huntington Beach*, 359 F. Supp. 2d 938, 947 (C.D. Cal. 2005)).

In this case, even if the Court was to construe this solely as a facial attack, Plaintiff has alleged insufficient facts to support standing. He does not allege he ever visited the Hotel. Instead, he apparently looked online and took screenshots of photographs that he believed showed barriers to his entering the property. He does not claim that he called and confirmed that these barriers existed. He does not allege that he attempted to see if alternate accommodations were available to him. Clearly, he does not establish "injury-in-fact." However, he also does not establish deterrence. He does not allege sufficient facts to show actual knowledge of anything about the Hotel. And his claims about the alleged barriers he would encounter, accompanied by grainy photographs of undistinguishable features, are insufficient to show that any barriers existed at the Hotel.

Furthermore, Plaintiff alleges insufficient facts to show that he intends to return to the Hotel. He lives in Phoenix, quite a distance from San Diego. He has apparently never visited the Hotel. Although Plaintiff initially counters that his "past patronage of the Napa area is confirmed by Exhibit 1," (Opp'n at 6:26–28), he fails to attach any Exhibit 1, and the Court notes that the Napa area is hundreds of miles and a full day's drive from San Diego. Plaintiff then alleges he traveled to the San Diego area five times in 2019. (*Id.* at 7:3-19). However, the Court takes judicial notice of the fact that Plaintiff filed recent

lawsuits against at least 22 other lodging establishments in San Diego.[3]  In each of these cases, Plaintiff alleges that he plans to return to this lodging establishment when the alleged barriers he encountered online are removed.  It defies credulity that Plaintiff intends to visit over twenty different establishments in San Diego when he lives in Phoenix.  *See Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996) (a complaint must plead "enough facts to state a claim to relief that is plausible on its face").

And the Court may look beyond the allegations in the Complaint.  The Court has observed personally that, at least on some occasions, Plaintiff is able to walk without the assistance of a wheelchair or walker.  Plaintiff does not allege when he needs the assistance of a wheelchair or that he needed the assistance of a wheelchair at the time he wished to visit the Hotel.  As such, he has alleged insufficient facts to show even that he was disabled at the time he intended to visit San Diego.  *See Rutherford v. Caesar's Mexican Rest., LLC*, No. 19-cv-1416-LAB (JLB), 2019 WL 4193392 (S.D. Cal. Sept. 3, 2019) (finding lack of standing because plaintiff did not indicate when or how often he uses a wheelchair or a cane).

Since Plaintiff has failed to demonstrate standing for his ADA claim, the Motion to Dismiss this claim is **GRANTED**.  Generally, the Court would give Plaintiff leave to file an amended Complaint, but the Court need not do so if amendment would be futile.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (although amendment should be freely allowed

---

[3] *Strojnik v. Pendry San Diego* (No. 3:19-cv-00305-LAB-AGS); *Strojnik v. Torrey Pines Club* (No. 3:19-cv-00650-BAS-AHG), *Strojnik v. Host Hotels and Resorts* (No. 3:19-cv-00909-WQH-WVG), *Strojnik v. La Jolla Bed and Breakfast* (No. 3:19-cv-01186-WQH-KSC), *Strojnik v. GHAP Partnership* (No. 3:19-cv-01187-LAB-RBB), *Strojnik v. CWI 2 La Jolla Hotel* (No. 3:19-cv-01381-GPC-MDD), *Strojnik v. Prospect Hospitality* (No. 3:19-cv-01386-WQH-AHG), *Strojnik v. Lizerbram* (No. 3:19-cv-01390-LAB-BLM), *Strojnik v. Bartell Hotels Management Co.* (No. 3:19-cv-01391-DMS-MSB), *Strojnik v. RNM Hospitality Inc.* (No. 3:19-cv-01445-WQH-WVG), *Strojnik v. Braemer Partnership* (No. 3:19-cv-01446-BAS-AHG), *Strojnik v. 1315 Orange LLC* (No. 3:19-cv-01991-LAB-JLB), *Strojnik v. Indoc Partners* (No. 3:19-cv-02211-LAB-BLM), *Strojnik v. Kamla Hotels* (No. 3:19-cv-02212-AJB-AHG), *Strojnik v. Barrigon Inc.* (No. 3:19-cv-02147-AJB-RBB), *Strojnik v. Cherokee Lodge LLC* (No. 3:19-cv-02148-AJB-AHG); *Strojnik v. San Diego Farah Partners* (No. 3:20-cv-00358-LAB-BGS), *Strojnik v. Souldriver Lessee* (No. 3:20-cv-00359-JAH-LL), *Strojnik v. RBI Investors* (No. 3:20-cv-00360-BAS-LL), *Strojnik v. Lafayette Landlord* (No. 3:20-cv-00387-GPC-AGS), *Strojnik v. Rio San Diego Mission Valley Owner* (No. 3:20-cv-00384-DMS-MSB), *Strojnik v. Pacifica Stratford Three* (No. 3:20-cv-00868-GPC-AHG).

1   when justice so requires, repeated failure to cure deficiencies can demonstrate futility of

2   amendment).

3       Plaintiff, both as a lawyer in Arizona, and now acting *pro se*, has filed identical

4   allegations in multiple courts and has been repeatedly told that the allegations are

5   insufficient for standing. *See e.g. Gastelum*, 2019 WL 2388047, at *10 (finding Mr.

6   Strojnik's allegations as a lawyer that plaintiff had viewed defendant's website and was

7   deterred from visiting were insufficient to show standing); *Brooke,* 2017 WL 4586349, at

8   *4 (informing Mr. Strojnik, as attorney, that "the 'call-and-confirm' method, together

9   with a site visit from an agent, even when combined with photographs, does not grant

10  plaintiff actual notice or actual notice of ADA violations") (quotations omitted); *Strojnik*

11  *v. Victus Group, Inc.* No. 1:18-cv-1620-AWI SKO, 2020 WL 1492664, at *1–*3 (E.D.

12  Cal. Mar. 27, 2020) (holding that allegations that defendant's websites did not identify and

13  describe accessible features in enough detail to permit plaintiff to assess whether it meets

14  his disability needs, with attached black and white grainy photographs of the website, were

15  insufficient to confer standing); *Strojnik v. Pasadena Robles Acquisition LLC,* No. 2:19-

16  cv-02067-AB-PJW, (C.D. Cal. Aug. 14, 2019), *aff'd*, 801 Fed. App'x 569 (9th Cir. 2020)

17  (dismissed without leave to amend for lack of standing); *Strojnik v. Four Sisters Inns, Inc.,*

18  No. 2:19-cv-2991-ODW (JEMx), 2019 WL 6700939 (C.D. Cal. Dec. 9, 2019) (same).[4]

19      In fact, in *Strojnik v. IA Lodging Napa First LLC*, No. 19-cv-3983-DMR, 2020 WL

20  2838814 (N.D. Cal. June 1, 2020), the district court found Plaintiff to be a vexatious

21  litigant for his repeated filings of formulaic complaints that lack sufficient allegations to

22  establish standing. The court noted, "Strojnik has a longstanding practice of failing to

23  allege basic facts about standing such as a connection between a barrier and plaintiff's

24  disability." *Id.* at *11. He continues to file these formulaic complaints "that fail to allege

25

26  ――――――――――

    [4] Defendant filed Notices of Supplemental Authorities to inform the Court of some of the aforementioned
    decisions. (ECF Nos. 8, 9.) Plaintiff moved to strike these notices because the cited authorities do not
27  reflect a "change in binding intervening law." (ECF No. 13.) Plaintiff's argument is without merit. The
    Court can take notice of "proceedings in other courts, both within and without the federal judicial system,
28  if those proceedings have a direct relation to matters at issue." *Bias v. Moynihan*, 508 F.3d 1212, 1225
    (9th Cir. 2007). Accordingly, the Court **DENIES** Plaintiff's Motion to Strike (ECF No. 13).

Article III standing, despite being on notice from multiple courts in every federal district in California that his pleading practices are inadequate." *Id.* at *12.

At this point, Mr. Strojnik is on notice what needs to be alleged to establish standing and yet he has not done so in this case. The Court can only conclude that he has not done so because he cannot do so. Therefore, the Court dismisses Count One with prejudice.

Because the only federal cause of action has been dismissed, the Court declines to exercise supplemental jurisdiction over the remaining state law claims and dismisses these as well. *Ove b. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) ("A court may decline to exercise supplemental jurisdiction over related state law claims once it has 'dismissed all claims over which it has original jurisdiction.'") (quoting 28 U.S.C. §1367(c)(3).

## III. CONCLUSION AND ORDER

Defendant's Motion to Dismiss (ECF No. 4) is **GRANTED.** Count One is dismissed with prejudice. The Court declines to exercise supplemental jurisdiction over the remaining claims. The Clerk is directed to close the case.

IT IS SO ORDERED.

DATED: June 16, 2020

Hon. Cynthia Bashant
United States District Judge

- 8 -

19cv2210

ER 2

## Stillman & Associates

3015 North Bay Road, Suite B
Miami Beach, FL 33140-
Tel: 888-235-4279 Fax: 888-235-4279
pstillman@stillmanassociates.com
www.stillmanassociates.com

---

John Murphy
1017 Park Place
Coronado, CA 92118

# Invoice

**Invoice Date:** Jun 30, 2020

**Invoice Num:** 1281

**Billing Through:** Jan 1, 2099

---

**Strojnik v. Village 1107 Coronado** (Village 1107 Coronado:) - Managed by (PHS)

**Professional Services**

| Date | Employee | Description | Hours | Rate | Amount |
|------|----------|-------------|-------|------|--------|
| 8/8/2019 | PHS | CLIENT MEETING | 1.50 | $500.00 | $750.00 |
| | | Conference with John Murphy re letter and draft complaint received from Peter Strojnik alleging ADA violations (.8); review complaint (.5); prepare fee agreement (.2) | | | |
| 12/29/2019 | PHS | Conference | 0.83 | $500.00 | $415.00 |
| | | Conference with client re complaint as filed by Strojnik; | | | |
| 12/30/2019 | PHS | Draft | 8.00 | $500.00 | $4,000.00 |
| | | Begin draft of Memo in support of motion to dismiss (4); update legal research re Strojnik cases and review new cases (2.3); review of other Strojnik complaints filed in the Southern District (1.7; | | | |
| 12/31/2019 | PHS | Draft | 5.00 | $500.00 | $2,500.00 |
| | | Continue draft of Memo in support of motion to dismiss (2.5); draft Notice of Motion and Motion, Stillman Decl. and assemble exhibits to Declaration (2.4 | | | |
| 1/2/2020 | PHS | Draft | 1.33 | $500.00 | $665.00 |
| | | Finalize Motion to Dismiss and send to client for review (1.33) | | | |
| 1/4/2020 | PHS | Draft | 1.67 | $500.00 | $835.00 |
| | | review draft Motion to Dismiss (.8); conference with Client re motion to Dismiss (.8); | | | |
| 1/6/2020 | PHS | Draft | 0.83 | $500.00 | $415.00 |
| | | Final edits and file Motion to Dismiss (.8) | | | |
| 1/14/2020 | PHS | File Review | 1.50 | $500.00 | $750.00 |
| | | File Review of Strojnik Opposition (1); conference with client re Opposition (.5) | | | |
| 2/11/2020 | PHS | Draft | 5.00 | $500.00 | $2,500.00 |
| | | Draft Reply in support of Motion to Dismiss (4); update legal research on Strojnik cases (1); | | | |
| 2/12/2020 | PHS | CLIENT MEETING | 0.83 | $500.00 | $415.00 |
| | | review email from client regarding the lack of violations as alleged in Complaint (.3); conference with client re lack of violations (.5) | | | |
| 4/28/2020 | PHS | Draft | 0.83 | $500.00 | $415.00 |
| | | Draft Notice of Supplemental Authorities re new Strojnik decisions; | | | |
| 4/29/2020 | PHS | Draft | 0.50 | $500.00 | $250.00 |
| | | Draft Second Notice of Supplemental Authorities | | | |
| 5/6/2020 | PHS | File Review | 2.67 | $500.00 | $1,335.00 |
| | | File Review of new Strojnik "response to Supplemental Authorities and attachments (1.6); legal research re Surreplies and whether Strojnik's "response" is a surreply (1) | | | |

## Stillman & Associates

3015 North Bay Road, Suite B
Miami Beach, FL 33140-
Tel: 888-235-4279 Fax: 888-235-4279
pstillman@stillmanassociates.com
www.stillmanassociates.com

# Invoice

John Murphy
1017 Park Place
Coronado, CA 92118

**Invoice Date:** Jun 30, 2020

**Invoice Num:** 1281

**Billing Through:** Jan 1, 2099

**Strojnik v. Village 1107 Coronado** (Village 1107 Coronado:) - Managed by (PHS)

### Professional Services

| Date | Employee | Description | Hours | Rate | Amount |
|------|----------|-------------|-------|------|--------|
| 5/11/2020 | PHS | File Review | 1.00 | $500.00 | $500.00 |
| | | File Review of Strojnik Motion to Strike Supplemental Authorities (1) | | | |
| 5/27/2020 | PHS | Draft | 0.50 | $500.00 | $250.00 |
| | | Draft Third Notice of Supplemental Authorities | | | |
| 6/16/2020 | PHS | File Review | 1.50 | $500.00 | $750.00 |
| | | File Review of Order dismissing Complaint with prejudice (.5); conference with client re potential attorney's fees recovery (1) | | | |
| 6/29/2020 | PHS | Draft | 4.00 | $500.00 | $2,000.00 |
| | | Draft Motion for Attorney's Fees (2); review billing records for Motion for Attorney's fees (.9); legal research re prevailing market rates for San Diego County (1) | | | |
| 6/30/2020 | PHS | Draft | 4.50 | $500.00 | $2,250.00 |
| | | Draft Memo for attorney's fees; notice of motion, revise Stillman declaration in support of Motion for Attorney's Fees; | | | |

**Total Service Amount:** $20,995.00

**Amount Due This Invoice:** $20,995.00

*This invoice is due on 7/1/2020*

ER 3

**RICHARD GREENFIELD, M.D.**
A MEDICAL CORPORATION
**RAYMOND M. VANCE, M.D.**
A MEDICAL CORPORATION
3737 MORAGA AVENUE, SUITE A:08
SAN DIEGO, CALIFORNIA 92117
TELEPHONE (858) 270-4480
FAX (858) 270-8199
_____
ORTHOPEDIC SURGERY

March 9, 2020


Klinedinst
Attn: Lindsay N. Casillas, Esq.
801 K Street #1100
Sacramento, CA 95814

                        Re:   STROJNIK, Sr., Peter
                              Vs. Evans Hotel, LLC
                        Case: 3:19-CV-00650-BAS-AGH

Dear Sirs:

Per your request, Peter Strojnik, Sr., was seen for a Medical
Evaluation on 2/20/20.

**HISTORY:** Mr. Strojnik is a 67-year-old gentleman who was seen on
the date of examination. He supplied multiple materials, including
loose-leaf materials and a thumb drive.

He reports that he has cancer of the prostate and genitourinary
problems.

Orthopedically, he has problems with his shoulders, elbows, and
wrists. He indicates those body parts have deteriorated. He says
it is hard for him to reach and it gives him pain at night. He
has to sleep on his left side. He keeps his right knee at 90° and
the left leg he keeps fully extended. His left hand is curled
under his chest at night. He reports he has difficulty raising
both of his arms. He says it is hard to twist and to turn his
hands.

In regards to the lumbar spine, he says he has restrictions related
to the L5-S1 interval. He says he has seen a neurosurgeon. He
may have a lot of pain. He will have pain radiating to his right
buttocks into the anterior aspect of the right thigh and the
posterior right calf. He has been treated with nerve blocks and/or
epidurals on three occasions. The injections have been effective

Case 2:19-cv-00882-DAS-AMB/D/20/Filed 1722 Filed 04/24/20 Page 359 of Page 29 of 62
03/24/2021 03/24/2020 Document 1062 Filed 04/24/20 Page 1354 of Page 29 of 62
☑ 002/007

Re: Strojnik, Sr., Peter                                              2
March 9, 2020

until recently.  He has requested a fourth injection.  The first
three injections lasted four to six months.  The fourth one has
lasted a little bit less.  He said surgery has been discussed with
him.  When he is symptomatic, he does not walk.  He does not sit.
He has difficulty with stairs.  He has difficulty with sleep.  He
tries to forward flex to get relief.

He drove to this examination from Arizona.  He took three Naprosyn
at 10 a.m.  The examination is at noon.  He says when things are
bad, he is immobilized.

The next body part involves degeneration of the right knee.  On
6/18/19, he had a right total knee replacement with a Stryker
prosthesis.  He uses his left leg more than the right.  He uses it
as little as possible.  He is left leg dominant.  He does not use
it as much anymore.  He does not feel that he is walking normally.
He is a household ambulator.

He says that is the extent of his orthopedic problems.

**PAST MEDICAL HISTORY**: He denies allergies.

His medicines include the following:
A) Naprosyn.
B) Medicines for hypertension.
C) Pain pill, which he did not take on the day of the examination.
D) Celebrex.

His medical problems include the following:
A) Hypertension.
B) Cancer of the kidney.
C) Depression.

Surgeries have included the following:
A) Right total knee replacement.
B) Resection of renal carcinoma.
C) Prostate surgery.

He smokes cigars.

**REVIEW OF RECORDS:**

1. 6/28/17: Patient provides a list of definitions of disability.

2. He provides the ADA Amendment Act of 2008.

3. MRI of the lumbar spine without contrast performed on 2/20/18
in Phoenix, Arizona.  There is mild curvature of the lumbar spine

Re: Strojnik, Sr., Peter                                    3
March 9, 2020

and mild disc space narrowing at L2-3 and L5-S1. Vertebral body
heights are well maintained. There is no fracture or dislocation.
There is heterogeneous bone marrow signal. L1-2 is unremarkable.
At L2-3, there is a small bulge and mild bilateral facet
arthropathy. No central canal or neural foraminal stenosis. At
L3-4, there is mild bilateral facet arthropathy. No central canal
or neural foraminal stenosis. At L4-5, there is a small disc bulge
with mild bilateral facet arthropathy. No significant central
canal or neural foraminal stenosis. At L5-S1, there is small to
moderate central and right paracentral disc bulge which appears to
compress the exiting L5 nerve root and results in severe right-
sided neural foraminal stenosis.

4. Marquis Diagnostic Imaging. CT abdomen without contrast. This
is for evaluation of the liver, spleen, gallbladder, pancreas,
adrenals, and kidneys. There is a 4-cm heterogeneous mass in the
left upper pole of the kidney. Diagnosis: Probable renal cell
carcinoma   left   kidney,   bilateral   renal   cysts,   colonic
diverticulosis,   and   relatively   mild   arterial   vascular
calcifications with no anu-revisited dilatations.

5. Honor Health Body Scan 7/25/18. There is no evidence of
metastatic disease. There is increased uptake at the posterior
ninth rib. There is increased degenerative uptake in the right
knee.

6. There is a disability hearing impaired placard application.

7. Letter from William Romano, M.D., Vascular & Interventional
Physicians. He is diagnosed with renal cancer and has undergone
several procedures to treat this condition. His prognosis is
unknown.

8. Total knee replacement. Brand is Stryker.

9. Visit to Abrazo Arizona Heart Hospital indicates no medications
are documented in regards to a renal mass.

10. Stipulation to change date of physical examination.

11. Disability parking identification from Arizona, permanent.
This states it expires in August of 2018.

12. ADA Disability short course. Impairment is substantially
limiting the ability of an individual to perform major life
activities as compared to most people in the general population,
also an impairment does not need to prevent or significantly or
severely restrict the individual from performing a major life

Re: Strojnik, Sr., Peter                                                    4
    March 9, 2020

activity to be substantially limiting.   The list includes the
following:
1) Prostate cancer and general urinary impairment.
2) Renal cancer.
3) Severe right-sided neural foraminal stenosis with symptoms of
   femoral neuropathy.
4) Degeneration of the right knee, missing part of the knee,
   replaced with a prosthesis.
5) Substantial limitation of the use of both shoulders, elbows,
   and wrists to reach and twist.
6) Pleurisy.
7) Major depressive disorder, bipolar disorder, posttraumatic
   stress disorder.
8) Hypertension.
9) Record of 1 through 7 being present.

13. Mr. Strojnik's response to ADA Disability questionnaire.   The
focus seems to be on limitations associated with renal cancer,
including excruciating pain while walking, standing, sleeping, or
performing other major life activities.   He is limited in these
activities.    Also mentions right neural foraminal stenosis with
symptoms of femoral neuropathy.   He says the State of Arizona
recognizes him as being disabled.   He also has a degenerative right
knee.   His degenerative right knee limits his activities such as
walking, standing, sleeping, and working.   He also has limitations
in regards to both shoulders, elbows, and wrists to reach and
twist.   Pleurisy is also mentioned.   He would need a wheelchair
when his breathing is impaired due to pleurisy.   There is
continuation of the ADA Disability questionnaire.

14. Relation between Mr. Strojnik's ADA Disability and major life
activities.   It lists prostate cancer and renal cancer.   It states
severe right-sided neural foraminal stenosis with symptoms of
femoral neuropathy with limited walking, standing, sitting,
bending, sleeping, and working.

Degenerative right knee limits walking, standing, sitting,
bending, sleeping, and working.

Limitations on the use of both shoulders, elbows, and wrists to
reach.   Limits in performing manual tasks and limits with reaching,
lifting, writing, and working.

Pleurisy limits him with manual tasks such as sleeping, walking,
reaching, lifting, writing, and working.

**PHYSICAL EXAMINATION:** He is 5'10" and weighs 180 pounds.

03/23/2020 ... Case 3:19-cv-20850-BAS-AHG Document 106-2 Filed 04/24/20 Page 132 of 62 ...

On examination of the cervical spine, he is right-hand dominant.
He says his symptomatology is greater on the left than the right.
Head and neck movements are unguarded.  Head and neck are held
erect.  He wears no cervical supports.

He externally rotates his head 45° right and left.  He bends 20°
right and left.  He forward flexes fully 45° and fully extends
40°.

There is no paracervical tenderness.  There is no paracervical
spasm.   Compression/traction tests on the cervical spine are
negative.

On motor examination he presents with a pan weakness in the upper
extremities in a nonanatomic fashion with all motor groups being
4/5 including bilateral shoulder flexors and abductors, elbow
flexors and extensors, wrist flexors and extensors, and first
dorsal interosseous motor groups.

The sensory examination is normal to the upper extremities.

Biceps jerks are symmetrical at 3.  Triceps and brachioradialis
jerks are symmetrical at 2.

Shoulder range of motion shows the patient actively flexing to 90°
bilaterally.   Active abduction is to 30° bilaterally.   Internal
rotation is to 60° bilaterally.   External rotation is to 60°
bilaterally.  Extension is to 35° bilaterally.  Adduction is 0°.

Jamar grip right/left is 30-20-20/35-18-15.  He does not report
any pain on the Jamar grip.

Arm and forearm circumference in this right-hand dominant male is
33/32-cm for the arms and forearm circumference is 27/27-cm.

Elbow range of motion bilaterally is 20 to 125°.  Pronation is 70°
bilaterally.  Supination is 55° bilaterally.

Wrist flexion is 30° bilaterally.  Extension is 20° bilaterally.
Ulnar deviation is 20° bilaterally.   Radial deviation is 10°
bilaterally.  Range of motion is symmetric.

Wrist range of motion is functional as is forearm range of motion
and elbow range of motion.

On examination of the thoracolumbar spine, there is no list.  There
is no lumbar and no thoracic spasm.  Movements are unguarded.  He
has a slight limp.  He has an erect posture.  He has no tenderness.

Re: Strojnik, Sr., Peter                                              6
March 9, 2020

He has a full range of motion of the thoracolumbar spine with
forward flexion to 90° with reverse of the lumbar curve. Extension
is to 30°. Side bending is to 30° right and left.

Hip range of motion is full, unrestricted, and unguarded with
flexion to 90° bilaterally. Internal rotation is to 15°
bilaterally. External rotation is to 35° bilaterally.

The motor examination is normal to the left lower extremity with
no deficits noted in quadriceps, anterior tibialis, extensor
hallucis longus, peroneal, or gastrocsoleus motor groups.

The motor examination of the right lower extremity shows quadriceps
5/5. Anterior tibialis and extensor hallucis longus are 4/5.
Peroneals and gastrosoleus are 5/5.

He reports a decrease in sensation in the lateral aspect of the
right calf and the dorsal aspect of the right foot.

Knee jerks right/left is 0/4. Ankle jerks are 1/1.

Sitting straight leg raise test is negative. Supine straight leg
raise test is negative.

He does not wish to attempt a heel and toe gait.

Knee circumference right/left is 41.5/41-cm. Thigh circumference
right/left is 44.5/49-cm. Calf circumference right/left is
38.5/39.5-cm.

There is an anterior scar over the right knee. There is side-to-
side pain over either foot.

Left knee active range of motion is 10 to 115° and right knee is
0 to 135°. There is no effusion about either knee. The medial
and lateral collateral ligaments are intact bilaterally. Anterior
drawer tests are negative bilaterally. The right knee will
hyperextend to 5°.

**IMPRESSION:**

1.  Patient report of weakness and loss of function in the
    following:
    A. Shoulders.
    B. Elbows.
    C. Wrists.

Case 3:19-cv-00610-DAS-MSR   Document 17-2   Filed 06/30/20   Page 24 of 62

Re: Strojnik, Sr., Peter                                            7
    March 9, 2020

2.  Physical examination of the upper extremities showing the
    following:
    A. A decreased range of motion of the shoulders.
    B. Pan weakness in the upper extremities.
    C. Loss of full extension of the elbows.
3.  Patient-presented complaints of chronic lumbar pain at the
    L5-S1 level with degenerative changes at that level.
4.  Physical findings of the lower back to include the following:
    A. Trace weakness anterior tibial and extensor hallucis
       longus.
    B. Decreased sensation in the lateral right calf and dorsal
       of the right foot.
    C. Absent right knee jerks.
    D. Atrophy of the right thigh.
    E. A limp as he ambulates.
5.  History of right total knee replacement with apparent
    functional right knee post replacement.

**DISCUSSION**: Mr. Strojnik has multiple problems of a non-orthopedic
nature. His orthopedic problems involve complaints involving his
shoulders, elbows, wrists, lower lumbar spine, and the right knee.

He appears to be functioning well post right total knee
arthroplasty. He has some sensory deficits about the right lower
extremity with trace weakness in the anterior tibialis and extensor
hallucis longus.

He has no evidence of positive nerve root tension signs. He
ambulates relatively well with a very slight limp and has an erect
posture. He has a functional range of motion of his shoulders
with flexion, internal rotation, and external rotation. He does
have an initial adequate grip on both the right- and the left-hand
side.

As more materials become available, I would be happy to provide
additional comments.

If I may be of further assistance, please let me know.

                                Yours truly,



                                Richard Greenfield, M.D.

RG:lt

ER 4

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

PETER STROJNIK, SR.,

                                     Plaintiff,

    v.

1017 CORONADO, INC.,

                                     Defendant.

Case No. 19-cv-02210-BAS-MSB

**FINAL JUDGMENT**

On June 16, 2020, this Court entered an order dismissing Plaintiff's ADA claims with prejudice and declining to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. (ECF No. 15.) Defendant, as the prevailing party, then moved for attorney's fees or, alternatively, sanctions. (ECF No. 17.) On January 12, 2021, this Court granted Defendant's Motion for Attorney's Fees in the amount of $21,995.00. (ECF No. 22.) Defendant has now filed a proposed judgment for this amount plus post-judgment interest accruing at the California Judgment Rate set forth in California Code of Civil Procedure § 685.010 and costs of collection. (ECF No. 24.)

Defendant cites to the incorrect jurisdiction's statute for post-judgment interest. "[T]he post -judgment interest rate under 28 U.S.C. § 1961 applies to all federal court actions irrespective of the basis of the court's jurisdiction over the case." *Steinweden v. L & M Const. LLP*, No. CV 04-137 M-DWMJCL, 2009 WL 361735, at *3 (D. Mont. Feb. 4, 2009) (citing *Greenway v. Buffalo Hilton Hotel*, 143 F.3d 47, 55 (2nd Cir. 1998)); *see also*

- 1 -

*The Guides, Ltd. v. The Yarmouth Group Property Management, Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002) (noting that "a federal rate of interest rather than the state rate applies where jurisdiction is based on a federal question").

Under federal law, the award of post-judgment interest on a district court judgment is mandatory. *Barnard v. Theobald*, 721 F.3d 1069, 1078 (9th Cir. 2013) (citing 28 U.S.C. § 1961). A "judgment" for purposes of § 1961 means a "final, appealable order." *Dishman v. UNUM Life Ins. Co. of America*, 269 F.3d 974, 990–991 (9th Cir. 2001). "Post-judgment interest applies to the entire judgment, including the principal sum, prejudgment interest, attorneys' fees, and costs." *Air Separation, Inc. v. Underwriters at Lloyd's of London*, 45 F.3d 288, 290 (9th Cir. 1995). It is calculated "from the date of the entry of judgment" at a rate "equal to the weekly average 1–year constant maturity Treasury yield, as published by the Board of Governors to the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a); *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 835 (1990). The interest is computed daily from the date of judgment to the date of payment and compounded annually. 28 U.S.C. § 1961(b). Defendant is therefore entitled to post-judgment interest running from the date of entry of judgment, January 12, 2021, up until the date of payment, at an interest rate of 0.104%.[1]

Defendant also asks for costs associated with collection, but cites no authority for an award of anticipated collection costs. The Court therefore denies this request because Defendant has not shown that "the substantive law [does not] require[ ] those fees [and expenses] to be proved at trial as a separate element of damages." *See* Fed. R. Civ. P. 54(d)(2) ("A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages."); *see also ACF 2006 Corp v. Maki*, No. CV 18-9654-DMG (JCx), 2019 WL 3852491, at *4 n.9 (C.D. Cal. May 13, 2019).

---

[1] This rate was calculated using the data provided by the United States Treasury for the week of January 4, 2021. *See* Daily Treasury Yield Curve Rates, https://www.treasury.gov/resource-center/data-chart-center/interest-rates/pages/textview.aspx?data=yield (accessed on Jan. 22, 2021).

Therefore, pursuant to this Court's Order Granting Attorney's Fees, **JUDGMENT IS HEREBY ENTERED** in favor of Philip H. Stillman, attorney for Defendant Village 1107 Coronado, Inc. and against plaintiff Peter Strojnik, Sr., in the amount of $21,995.00, together with post-judgment interest accruing at 0.104% running from January 12, 2021 until the date of payment.

**IT IS SO ORDERED.**

**DATED: January 25, 2021**

**Hon. Cynthia Bashant**
**United States District Judge**

19cv2210

ER 5

NUNC PRO TUNC
5/17/21

FILED

May 18 2021

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ s/ Julieo _____ DEPUTY

1  Peter Strojnik (Sr.),
2  7847 N. Central Ave.
   Phoenix, Arizona 85020
3  602-524-6602
   ps@strojnik.com
4

5            UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF CALIFORNIA
6

7                                    Case No: 19-cv-2210 BAS MSB

8  PETER STROJNIK,                   **MOTION FOR ORDER TO SHOW**
                                     **CAUSE REGARDING MR.**
9                       Plaintiff,   **STILLMAN'S CLAIM FOR**
                                     **ATTORNEYS' FEES FOR**
10                                   **$20,995.00 WHEN HE HAD A FLAT**
11            vs.                    **FEE AGREEMENT FOR $2,500.00**

12 VILLAGE 1017 CORONADO, INC. DBA
   HOTEL MARISOL CORONADO
13

14

15                      Defendant.

16       In his Declaration of Philip H. Stillman in support of motion for attorney's fees,

17 Dkt. at 17-2, Mr. Stillman attaches as Exhibit 4 the invoice dated Jun 30, 2020, in which

18 he claims that his client is obligated to pay him $20,995.00 in hourly fees at a rate of $500

19 per hour. He supports this representation by a detailed invoice sent to the client showing

20 the hourly fee and the number of hours spent on the case. The invoice is addressed to John

21 Murphy, 1017 Park Place, Coronado, CA 92118. Mr. Stillman claimed entitlement to fees

22 pursuant to this invoice. He represented to the Court under the penalty of perjury that the

23 invoice is a valid and subsisting bill to Mr. Murphy. It was this invoice that formed the

24 basis of Mr. Stillman's request for attorney's fees and the ultimate judgment for fees.

25       On May 12, 2021, Plaintiff received credible information that Mr. Stillman does

26 not charge his ADA clients hourly. As a partner with California's Hotel and Lodging

27

28

1   Association ("CHLA"), Mr. Stillman's services are advertise on CHLA's website at a flat

2   rate[1]:

**ADA Protection Program**

- Serial drive-by/call-in lawsuits have substantially increased over recent years with plaintiffs alleging variations of several ADA violations.
- Recent lawsuits have centered on:
  - Website compliance (no accessibility description; no room description; no ability to reserve accessible rooms) and
  - Hearing impairment (failure to provide TTY's or assistive listening devices.)
- A handful of attorneys and plaintiffs are the primary source of these complaints.
- **Through CHLA's partnership with Stillman & Associates, CHLA members who have been sued for Unruh Act or ADA claims can hire Philip Stillman for a flat legal fee to defend them in the case.**

13   CHLA's website also discloses that Mr. Stillman's flat fee is $2,500 under the heading

14   "ADA Protection Program":[2]

**ADA Lawsuit Protection Program**

CHLA offers a legal support program for members who are victims of serial drive-by lawsuits that allege violations of the Americans with Disabilities Act. Our members who have been sued for Unruh Act or ADA claims now can hire CHLA's preferred attorney, who specializes in ADA lawsuits, for a flat legal fee of $2,500* per claim to defend them, dramatically less than the legal fees members otherwise would incur to defend such cases. Join CHLA to utilize this valuable program. If you have any questions on this program or how to join CHLA and utilize our ADA Lawsuit Protection Program, please email Sandra@calodging.com or complete the form below.

---

[1]
https://www.google.com/search?q=%22THROUGH+CHLA%27S+PARTNERSHIP+WITH+STILLMAN%22&safe=active&rlz=1C1SQJL_enUS780US780&sxsrf=ALeKk03uipP4Lw79_6iPzRgYZehZQV9AkQ%3A1620945929107&ei=CaydYKKGBrLj9AORmYOoBA&oq=%22THROUGH+CHLA%27S+PARTNERSHIP+WITH+STILLMAN%22&gs_lcp=Cgdnd3Mtd2l6EAwyBQghEKsCMgUIIRCrAjIFCCEQqwI6BwgAEEcQsAM6BAgjECdQ31ZYt3pgpqkBaAFwAngAgAGoAYgB_AKSAQMxLjKYAQCgAQGqAQdnd3Mtd2l6yAEIwAEB&sclient=gws-wiz&ved=0ahUKEwjirreS3sfwAhWyMX0KHZHMAEUQ4dUDCA4

[2] https://calodging.com/resources/member-resources/ada-resources

Contrary to his "parentship" arrangement with CHLA, Mr. Stillman represented to the Court that Defendant actually incurred $20,995.00 in hourly fees. This representation is blatantly false. The client incurred fees in the amount of $2,500.00. Since Mr. Stillman's Declaration, Dkt. at 17-2, is made under oath, Plaintiff respectfully request that the Court issue an Order to Show Cause to Mr. Stillman to:

1. Produce all partnership information between him and CHLA; and
2. Produce the fee agreement under which he claims fees at the rate of $500.00 per hour; and
3. The payment check(s) from his client on this matter.

RESPECTFULLY SUBMITTED this 13th day of May, 2021.

**PETER STROJNIK**

Plaintiff

Mailed to the Court this 13th day of May, 202.

Copy emailed to Philip Stillman this day.

**END**

3

Peter Strojnik
7847 N. Central Avenue
Phoenix, AZ 85020

PHOENIX AZ 852

14 MAY 2021 PM 4 L



Clerk of the Court
United Sates district Court
Southern District of California
333 West Broadway, Ste 420
San Diego, California 92101

92101-360620

RECEIVED
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

MAY 17 2021

ER 6

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK,<br><br>                              Plaintiff,<br><br>   v.<br><br>VILLAGE 1107 CORONADO, INC.,<br><br>                             Defendant. | Case No. 19-cv-02210-BAS-MSB<br><br>**ORDER RE: CIVIL CONTEMPT &<br>COERCIVE INCARCERATION** |

For the following reasons, the Court orders Mr. Strojnik to appear on **June 28, 2021, at 3:15 p.m.,** for a contempt hearing. If Mr. Strojnik has not complied with the Court's order to pay $44,246 to Defendant by the hearing, **the Court will place him into coercive incarceration until his contempt is purged or the Court finds that continued incarceration no longer serves a coercive purpose**.

## I.    BACKGROUND

Plaintiff Peter Strojnik brought this action on November 20, 2019, alleging one count of negligence and three counts of disability discrimination under the Americans With Disabilities Act ("ADA"), California's Unruh Civil Rights Act, and California's Disabled Persons Act. (ECF No. 1.) The Court granted Defendant's motion to dismiss the action for Plaintiff's lack of standing under the ADA and declined to exercise supplemental jurisdiction over the state law claims. (ECF No. 15.) Defendant subsequently brought a motion for attorney's fees and, alternatively, sanctions. (ECF No. 17.) On January 13,

2021, the Court denied the request for sanctions but awarded Defendant $21,995 in attorney's fees that Plaintiff was ordered to pay forthwith. (Order Granting Def.'s Mot. for Attorney's Fees ("Attorney's Fees Order"), ECF No. 22.)

On February 22, 2021, Defendant filed an Application for an Order to Show Cause Re: Contempt of the Court's Attorney's Fees Order. (ECF No. 26.) Defendant stated that "despite repeated reminders," Plaintiff had not paid the $21,995 in attorney's fees. The Court granted the application and issued an Order to Show Cause ("OSC") why Mr. Strojnik should not be held in contempt for failing to comply with the Court's Attorney's Fees Order. (ECF No. 27.) Mr. Strojnik was required, by April 5, 2021, to either file a sworn affidavit affirming that he paid the attorney's fees or a response to the OSC explaining his noncompliance. (*Id.*)

On April 13, 2021, the Court found Plaintiff was in civil contempt of the Court's Attorney's Fees Order. (ECF No. 31.) Thereafter, the Court received Mr. Strojnik's response to the OSC. (ECF No. 33.) Plaintiff alleged he received the Court's OSC via mail after his deadline to respond had passed, claimed he is subject to "a superior UCC spousal maintenance lien" arising from his 2013 marriage dissolution, and implied that payment of the attorney's fees would violate the lien and lead to a fraudulent transfer action against him. (*Id.*) Hence, the Court vacated its contempt order, ordered Plaintiff to provide evidence of his inability to pay, and set the matter for a hearing on June 14, 2021. (ECF Nos. 38, 41.)

The Court held the evidentiary hearing. (ECF No. 44.) Mr. Strojnik was placed under oath and examined by Defendant. After hearing testimony and considering the evidence submitted, the Court found the following:

1. Mr. Strojnik is in civil contempt of the Court's Attorney's Fees Order;

2. Mr. Strojnik has the ability to pay;

3. Mr. Strojnik's testimony concerning his ability to pay is not credible; and

4. A civil sanction of an additional $22,551 is appropriate to compensate Defendant for the cost of seeking a contempt finding against Mr. Strojnik.

Further, the Court stated it would set a criminal OSC hearing for June 28, 2021, at 3:15 p.m., if Mr. Strojnik does not pay the amount he owes by that date. The Court issues this order to formalize its findings and clarify that Mr. Strojnik will be placed into coercive incarceration at the June 28, 2021, hearing if he does not comply with the Court's orders set forth below.

## II.  ANALYSIS

"There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt." *Shillitani v. United States*, 384 U.S. 364, 370 (1966). "A court may wield its civil contempt powers for two separate and independent purposes: (1) to coerce the defendant into compliance with the court's order; and (2) to compensate the complainant for losses sustained." *Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 629 (9th Cir. 2016) (quotations omitted). "Given the remedial purpose of the sanction, a finding of contempt must be accompanied by conditions by which contempt may be purged, spelled out in either the original order or the contempt order. Moreover, although the district court generally must impose the minimum sanction necessary to secure compliance, the district court retains discretion to establish appropriate sanctions." *United States v. Bright*, 596 F.3d 683, 696 (9th Cir. 2010) (citations omitted).

<u>Compensatory Sanctions</u>. Defendant requests $20,340 in attorney's fees and $1,911 in expenses as compensation for drafting the motion for contempt and preparing for and attending the evidentiary hearing. Compensatory sanctions may be used to "compensate a party who has suffered unnecessary injuries or costs because of contemptuous conduct." *Shell*, 815 F.3d at 629 (quoting *Ohr ex rel. NLRB v. Latino Express, Inc.*, 776 F.3d 469, 479–80 (7th Cir. 2015)). They must be based on "actual losses sustained as a result of the contumacy." *Shuffler v. Heritage Bank*, 720 F.2d 1141, 1148 (9th Cir. 1983). "[T]he cost of bringing the violation to the attention of the court is part of the damages suffered by the prevailing party and those costs would reduce any benefits gained by the prevailing party from the court's violated order." *Inst. of Cetacean Research v. Sea Shepherd Conservation Soc'y*, 774 F.3d 935, 958 (9th Cir. 2014) (quoting *Perry v.*

- 3 -

1   *O'Donnell*, 759 F.2d 702, 705 (9th Cir. 1985)).  Hence, a trial court has discretion to

2   "analyze each contempt case individually and decide whether an award of fees and

3   expenses is appropriate as a remedial measure." *Perry*, 759 F.2d at 705.

4       Moreover, the court has broad discretion to determine the reasonableness of

5   attorney's fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992).  A court

6   employs a two-step process to calculate a reasonable fee award. *Fischer v. SJB-P.D. Inc.*,

7   214 F.3d 1115, 1119 (9th Cir. 2000).  First, the court calculates the lodestar figure, which

8   represents the number of hours reasonably expended on the litigation multiplied by a

9   reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  Second, the court

10  determines whether to increase or reduce that figure based on several factors that are not

11  subsumed in the lodestar calculation. *See Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir.

12  2016); *see also Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).  The

13  lodestar figure is presumed reasonable. *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d

14  1041, 1045 (9th Cir. 2000).

15      Here, as indicated at the hearing, the Court finds Defendant's request for $20,340 in

16  attorney's fees is reasonable and an appropriate compensatory sanction.  The Court

17  previously found Defendant's counsel's billing rate of $500 to be a reasonable hourly rate

18  for an attorney of Mr. Stillman's experience in San Diego.  (Attorney's Fee Order 8:4–7.)

19  As to the hours expended, Mr. Stillman's billing records show 40.68 hours were spent

20  preparing the motion for contempt, reviewing documents produced by Mr. Strojnik, and

21  preparing for and attending the Court's evidentiary hearing.  (Evid. H'rg Ex. 20.)  The

22  Court finds the number of hours expended is reasonable, particularly in light of the

23  significant documentary evidence involved in the contempt inquiry.  Therefore, the lodestar

24  is $20,340, and the Court finds an adjustment to this amount is unnecessary.

25      Further, Defendant requests $1,911 in travel expenses.  (Evid. H'rg Ex. 20.)

26  Defendant only suffered these expenses because of Mr. Strojnik's contemptuous conduct.

27  Consequently, the Court finds they are appropriately included in a compensatory sanction

28  against Mr. Strojnik. *See In re Covelli*, 550 B.R. 256, 269 (Bankr. S.D.N.Y. 2016) (noting

compensatory sanctions for civil contempt may include attorney's fees, litigation costs, and travel expenses).  Accordingly, the Court awards Defendant $22,251 in attorney's fees and costs as a compensatory civil contempt sanction.

Coercive Incarceration.  Beyond compensating Defendant for Mr. Strojnik's civil contempt, the Court finds it is necessary to impose an additional sanction to coerce Mr. Strojnik to comply with the Court's orders set forth below.  "When imposing sanctions for civil contempt, a court "ha[s] numerous options, among them: a coercive daily fine, a compensatory fine, attorneys' fees and expenses . . . and coercive incarceration." *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1304 (11th Cir. 1991). Coercive incarceration is an appropriate sanction for civil contempt so long as "the contemnor can avoid the sentence imposed on him, or purge himself of it, by complying with the terms of the original order." *Fed. Trade Comm'n v. Cardiff*, No. ED CV 18-2104-DMG (PLAx), 2020 WL 4390386, at *7 (C.D. Cal. July 24, 2020) (quoting *Hicks on Behalf of Feiock v. Feiock*, 485 U.S. 624, 635 n.7 (1988)); *see also Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 828 (1994) (quoting *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 442 (1911)) (noting contempt is coercive where "the contemnor is able to purge the contempt and obtain his release by committing an affirmative act, and thus 'carries the keys of his prison in his own pocket.'").

Here, the Court has already ordered Mr. Strojnik to pay money, and he refused to comply with the Court's order.  And as mentioned, the Court found Mr. Strojnik has the ability to comply. Further, his testimony claiming otherwise was not credible.  Therefore, the Court finds coercive incarceration is appropriate here.  The Court will order Mr. Strojnik to comply with the Attorney's Fee Order and pay the additional $22,251 compensatory sanction by the hearing set for June 28, 2021.  If he fails to do so, he will be incarcerated as a sanction for his continued civil contempt of this Court's orders.

//

//

//

## III.    CONCLUSION AND ORDERS[1]

In light of the foregoing, the Court **ORDERS** as follows:

1.    Mr. Strojnik is in civil contempt of the Court's Attorney's Fees Order (ECF No. 22).

2.    In addition to the award of $21,995 in attorney's fees owed to Defendant, Mr. Strojnik shall pay Defendant $22,251 as a compensatory sanction for his civil contempt. **Hence, Mr. Strojnik shall pay Defendant a total of $44,246 immediately and without delay.**

3.    **Mr. Strojnik is ordered to appear in Courtroom 4B on June 28, 2021, at 3:15 p.m., for a contempt hearing.**  At the contempt hearing, the Court will determine whether Mr. Strojnik has complied with the Court's order to pay Defendant $44,246.  If Mr. Strojnik does not appear for the hearing, the Court will issue a bench warrant for his arrest to secure his appearance at a contempt hearing.

4.    Defendant may attend the hearing by Zoom.  Further, the Court orders Defendant to file by 12:00 p.m. on June 28, 2021, a notice stating whether it has received payment in full from Mr. Strojnik.

5.    **If the Court finds at the June 28, 2021, hearing that Mr. Strojnik has not complied with the Court's order to pay Defendant $44,246, the Court will place Mr. Strojnik into coercive incarceration until he complies with the Court's order or the Court finds that continued incarceration no longer serves a coercive purpose.**  At any time, Mr. Strojnik will be able to purge his coercive incarceration by paying $44,246 to Defendant.

**IT IS SO ORDERED.**

**DATED: June 15, 2021**

**Hon. Cynthia Bashant**
**United States District Judge**

---

[1]  For the reasons expressed at the evidentiary hearing, the Court also **DENIES** Mr. Strojnik's motion for an order to show cause regarding Defendant's claim for attorney's fees.  (ECF No. 43.)

ER 7

Peter Strojnik (Sr.),
7847 N. Central Ave.
Phoenix, Arizona 85020
602-524-6602
ps@strojnik.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PETER STROJNIK,<br><br>                                    Plaintiff,<br><br>vs.<br><br>VILLAGE 1017 CORONADO, INC. DBA HOTEL MARISOL CORONADO<br><br>                                    Defendant. | Case No: 19-cv-2210 BAS MSB<br><br>**NOTICE OF <u>EMERGENCY</u> APPEAL WITH REQUEST FOR IMMEDIATE STAY OF THE ORDER RE: CIVIL CONTEMPT & COERCIVE INCARCERATION** |

     PLEASE TAKE NOTICE that Plaintiff appeals the *Order Re: Civil Contempt & Coercive Incarceration* dated June 15, 2021, and all orders merged therein.

     Plaintiff further requests immediate stay of the execution of said Order.

     RESPECTFULLY SUBMITTED this 28th day of June 2021.

**PETER STROJNIK**

Plaintiff

Hand delivered to the Court this 28th day of June 2021.

ER 8

1  Peter Strojnik (Sr.),
2  7847 N. Central Ave.
   Phoenix, Arizona 85020
3  602-524-6602
4  ps@strojnik.com

5  **UNITED STATES DISTRICT COURT**
6  **SOUTHERN DISTRICT OF CALIFORNIA**

7  | | Case No: 19-cv-2210 BAS MSB |

8  PETER STROJNIK,                          **VERIFIED**

9                          Plaintiff,       **MOTION STAY ORDER DATED**
10                                          **JUNE 28, 2021 [45] FOR LACK OF**
                                            **JURISDICTION**
11      vs.
                                            **ALTERNATIVELY**
12  VILLAGE 1017 CORONADO, INC. DBA
13  HOTEL MARISOL CORONADO                  **MOTION TO STAY ORDER OF**
                                            **COURT DATED JUNE 28, 2021 TO**
14                                          **DETERMINE THE CORRECT**
                          Defendant.        **JUDGMENT CREDITOR**
15
16

17  **1.  Statement of the Case Relevant to Contempt Proceedings.**
18
19          On January 25, 2021, the Court entered Final Judgment awarding $21,996.50

20  directly to Mr. Stillman, counsel for Defendant. Dkt. at 25. (Hereafter "[25]")

21          The Final Judgment stated, in part:

22          Therefore, pursuant to this Court's Order Granting Attorney's Fees,
            **JUDGMENT IS HEREBY ENTERED** in favor of Philip H. Stillman,
23          attorney for Defendant Village 1107 Coronado, Inc. and against plaintiff
            Peter Strojnik, Sr., in the amount of $21,995.00, together with post-judgment
24          interest accruing at 0.104% running from January 12, 2021 until the date of
            payment.
25

26          The Final Judgment did not contain any order to pay. It was no more than a standard

27  money judgment executable pursuant to Rule 69, Fed. R. Civ. P.

28

Plaintiff could not pay because he has no income and no assets. All his income and all his assets, were there any, are subject to a 2013 divorce decree granting Plaintiff's former wife a first position lien against all income and all assets.

Mr. Stillman, as the direct beneficiary of the Final Judgment, subsequently filed a Motion for Contempt for Plaintiff's failure to pay the Final Judgment. [26] The Court issued the Order to Show Cause. [27] Plaintiff responded, however, since he is not ECF authorized, his response did not make the docket until after the Court found Plaintiff in civil contempt and fined him $220.00 per day until the entire amount is paid in full [31]:

> Accordingly, the Court **FINDS** Mr. Strojnik in **CIVIL CONTEMPT** of the Court's January 13, 2021 Order Granting Defendant's Motion for Attorney's Fees and its March 29, 2021 OSC. Mr. Strojnik will be fined $220.00 for each day of noncompliance from the date of this Order until the date that he pays the attorney's fees amount in full to Defendant and provides proof of payment to the Court.

The Court subsequently set aside the contempt order [31], and scheduled a civil contempt hearing for June 14, 2021. [41]

At the time of the hearing on June 14, 2021, the Court was aware that the entirety of Plaintiff's income from whatever source and all his assets were subject to the Court Ordered Priority U.C.C. Lien that had been in place since December of 2013 by the Order of the Domestic Relations Judge in La Paz County Superior Court,  cause number DO 2013-00120 styled *In Re The Marriage of Tanya C. Strojnik and Peter Strojnik.* [33] Plaintiff advised the Court that any payment to a subsequent judgment creditor, Defendant Village 1017, or Mr. Stillman, could constitute a fraudulent transfer in violation of the 2013 divorce decree. Id.

Plaintiff further provided bank statements showing that that as of March 31, 2021, Plaintiff's Lunar Eclipse I, LLC bank account balance stood at $93.42. Plaintiff subsequently demonstrated that as of April 19, 2021, the date of mailing disclosures to the Court, [40],  *all*  of Plaintiff's bank accounts, assets and income showed the following values:

<u>**1**</u>.  **Bank Accounts:** Plaintiff has 2 accounts in his name. Current balances are reflected below:
   a.  Navy Federal Credit Union

2



b. Bank of Hawaii

**2. Assets** held in Plaintiff's name or entity(ies) he Controls:

**3. Other assets**

| DESCRIPTION | FMV |
|---|---|
| Computer & Phone | $800.00 |
| Leased Car | $0.00 |
| Clothing and Misc. | $250.00 |
| Cash on hand | $5.00 |

**4. Spousal Maintenance Liability - arrearages:** $481,476.10 as of 2021-04-01.

**5. U.C.C. First Position Divorce Lien:** All income and assets, now held or acquired in the future, are subject to a 2013 first position priority spousal maintenance lien disclosed in Dkt. 33.

3

1

2       Despite the documentary evidence produced by Plaintiff, the Court expressed her

3   opinion, first on June 14, 2021, and then again on June 28, 2021, that Plaintiff was

4   dishonest. At least twice, the Court stated, paraphrasing, "I do not believe anything you

5   say, Mr. Strojnik". The Court's doubt is unexplainable. Plaintiff can only surmise that

6   the Court's lack of credulity is based on Plaintiff's disclosure that during the 2016-2017

7   period, he donated $1.2M± to AID Foundation, a 501(c)(3) Organization for the

8   disabled.  This donation was made through direct assignment of attorney's fees earned

9   by Plaintiff in his civil rights representation of the disabled[1].  It may also be based on the

10  amount of funds deposited into the Lunar Eclipse account; however, the monthly

11  statements produced by Plaintiff show unequivocally that the all the deposits paid into

12  that account were paid out to third party vendors, Plaintiff's former wife, and for

13  business expenses. As of March 31, Plaintiff's bank account with Lunar Eclipse stood at

    $93.42. As of April 19, 2021, the Lunar Eclipse account stood at $231.12.

14      On the other hand, at the June 14th hearing the Court accepted Mr. Stillman's

15  request for an additional fee award of $20,340.00 for his 2 hour attendance at the

16  hearing. [45] The Court found that Mr. Stillman's request for another $20,340 for the 2

17  hour hearing was "reasonable and appropriate". Id.  Plaintiff was not granted the right to

18  review Mr. Stillman's request for additional attorney's fees, nor was the motion for

19  additional fees placed in the docket.

20      Court's June 14, 2021 Order 045] modified the sanction from payment of a

21  $220.00 daily fine to a penalty of incarceration. The Court ordered Plaintiff to pay to

22  Philip Stillman $44,246.00 by June 28, 2021. If Plaintiff did not pay Mr. Stillman, the

23  $44,246.00, Plaintiff would be placed "into coercive incarceration until" Plaintiff pays

24  the money judgment. If Plaintiff did not pay $44,246.00 in 14 days, he would be placed

    in what has been historically known as a "debtor's prison".

25

26

27  _____

28  [1] The proof of these direct assignments is contained in the 239 page AID Foundation
    accounting which Plaintiff is producing to the District Court for in camera review, as
    ordered on June 28, 2021.

4

Under a threat of incarceration, Plaintiff spent the two weeks between June 14 and June 28 desperately attempting to borrow from credit cards, family and friends, and was ultimately able to offer Mr. Stillman the entire sum of $44,246 payable out of his social security payments at the rate of $1,000.00 per month. As a gesture of good faith, he sent Mr. Stillman $1,450 through Venmo charged against his MasterCard. Fearing the loss of freedom, Plaintiff intended to send him another $4,000.00 through a Visa Card, but the Visa card had been blocked.

Mr. Stillman rejected Plaintiff's offer, stating,

I'm sorry Peter, I am not going to carry this for 3.5 years. I will do $45,000, payable 30K immediately and the remainder due on August 1, with no right to cure. A failure to pay the second payment will be deemed to be a violation of the court's order and you will be remanded to custody without further notice. This is subject to court approval.

[55] In other words, Mr. Stillman, knowing that Plaintiff was about to be incarcerated, increased his demand by $2,204 over the amount ordered by the Court. As Plaintiff noted in his Notice of Partial Payment With Undertaking To Pay Full Amount Plus Interest [51], "[i]t became clear that Mr. Stillman's intent was to force Plaintiffs friends and family to pay the Final Judgment to keep Plaintiff free of incarceration. Mr. Stillman said that much. The Final Judgment, however, is an obligation of Plaintiff and not of his friends or family."

Prior to attending the hearing on July 28, 2021, Plaintiff stopped by the District Court's Clerk's Office and filed two documents in the following sequence: First, *Notice of Partial Payment with Undertaking to Pay Full Amount Plus Interest and Request for Relief* dated June 28, 2021. Subsequently, he filed his *Notice of Emergency Appeal with Request for Immediate Stay of the Order Re: Civil Contempt & Coercive Incarceration*. The *Notice of Partial Payment*, however, shows on the docket as being filed as [50] while the *Notice of Emergency Appeal* is docketed as [49].

Plaintiff then proceeded to the Courtroom where he noted six or seven U.S. Marshalls and assumed that they were there to arrest and incarcerate him as promised by the district court Judge. Instead, the Court inquired whether Plaintiff still had $4,000.00 available on his Visa credit card. Plaintiff responded that he spent $505.00 for the Notice

5

of Appeal fee and that there was only $3,500.00 left. The Court ordered Plaintiff to pay that money to Mr. Stillman. With U.S. Marshalls in the Courtroom. Plaintiff had no choice but to consent to this order.

**2.** **It is Unclear Whether the Final Judgment is Due Defendant Village 1017 or to Mr. Stillman.**

On May 17, 2021, Plaintiff alerted the Court that Mr. Stillman's attorney's fee agreement was not hourly as declared in his application under penalty of perjury, but a $2,500 flat fee agreement.

Defendant, through Mr. Stillman, filed the application for attorney's fees on June 30, 2020. [17] Along with the Application for Attorney's Fees, Ms. Stillman filed his own sworn declaration stating that on June 30, 2020, he billed his client for hourly services totaling $20,995.00. According to the invoice for fees from Mr. Stillman to Village 1017, the entire amount was due from Village 1017 the following day, July 1, 2020. Exhibit 1. Mr. Stillman stated in his own sworn declaration dated June 30, 2021 at Docket 17-2:

> 16. Accordingly, and as shown by the billing records for this case, I reasonably spent 40.49 hours from August 6, 2019 through the preparation of this Motion on June 30, 2020. Those hours multiplied by a reasonable hourly rate of $500 per hour yields a lodestar amount of $20,995 for my services in connection with this lawsuit. A true and correct copy of a printout for this case made up of my contemporaneously kept billing records is attached hereto as Exhibit 4. [Exhibit 1 here]
>
> ***
>
> I hereby declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct. Signed this 30th day of June, 2020 at Miami Beach, Florida.

By: *Philip H. Stillman*
Philip H. Stillman, Esq.

On the basis of Mr. Stillman's representations, the Court granted the application for attorney's fees to Defendant Village 1107, stating in part:

6

**IV. CONCLUSION**

For the reasons stated above, the Court **GRANTS** Defendant's Motion for Attorney's Fees (ECF No. 17) and awards Defendant $21,995 in attorney's fees. Plaintiff is ordered to pay this amount forthwith.

**IT IS SO ORDERED.**

DATED: January 12, 2021

Hon. Cynthia Bashant
United States District Judge

Subsequently, Mr. Stillman submitted to the Court a [Proposed] Final Judgment. [24] The Court executed on January 25, 2021 [25]. Plaintiff did not object to the Final Judgment because it did not contain the language requiring him to pay "forthwith". The Final Judgment is troublesome, however, because Mr. Stillman substituted himself for Village 1017:

Therefore, pursuant to this Court's Order Granting Attorney's Fees, **JUDGMENT IS HEREBY ENTERED** in favor of Philip H. Stillman, attorney for Defendant Village 1107 Coronado, Inc. and against plaintiff Peter Strojnik, Sr., in the amount of $21,995.00, together with post-judgment interest accruing at 0.104% running from January 12, 2021 until the date of payment.

**IT IS SO ORDERED.**

DATED: January 25, 2021

Hon. Cynthia Bashant
United States District Judge

On May 12, 2021, Plaintiff discovered that Mr. Stillman does not charge his ADA clients hourly. As a partner with California's Hotel and Lodging Association, ("CHLA"), Mr. Stillman's services are advertised on the CHLA's website at a flat rate:

**ADA Protection Program**

- Serial drive-by/call-in lawsuits have substantially increased over recent years with plaintiffs alleging variations of several ADA violations.
- Recent lawsuits have centered on:
  - Website compliance (no accessibility description; no room description; no ability to reserve accessible rooms) and
  - Hearing impairment (failure to provide TTY's or assistive listening devices.)
- A handful of attorneys and plaintiffs are the primary source of these complaints.
- Through CHLA's partnership with Stillman & Associates, CHLA members who have been sued for Unruh Act or ADA claims can hire Philip Stillman for a flat legal fee to defend them in the case.

7

CHLA's website also discloses that Mr. Stillman's flat rate per case is $2,500 under the heading "ADA Protection Program:

**ADA Lawsuit Protection Program**

CHLA offers a legal support program for members who are victims of serial drive-by lawsuits that allege violations of the Americans with Disabilities Act. Our members who have been sued for Unruh Act or ADA claims now can hire CHLA's preferred attorney, who specializes in ADA lawsuits, for a flat legal fee of $2,500* per claim to defend them, dramatically less than the legal fees members otherwise would incur to defend such cases. Join CHLA to utilize this valuable program. If you have any questions on this program or how to join CHLA and utilize our ADA Lawsuit Protection Program, please email Sandra@calodging.com or complete the form below.

Plaintiff has expressed his doubts about whom he fees are due, if anyone, in a letter to Mr. John Murphy. Exhibit 2. Based on Mr. Stillman's surreptitious substitution of himself in the stead of Village 1017, it is now unclear who is and who is not, entitled to any fees over $2,500.00 as contracted between Mr. Stillman and Village 1017. It is similarly unclear whether any payments on the judgment are actually forwarded by Mr. Stillman to Village 1017 or whether he is keeping the payments to himself. In the latter event, Plaintiff runs the risk of making double payments on a single judgment.

## 3. There Was No Disobedience of the Final Judgment

Final Judgment [25] is a money judgment for attorney's fees. It contains no order of payment.

To find a party in civil contempt, the court must find that the offending party knowingly violated a definite and specific court order, and the moving party has the burden of showing the violation by clear and convincing evidence. *In re Dyer*, 322 F.3d at 1190–91. The burden then shifts to the contemnors to demonstrate why they were unable to comply. *FTC v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999).; *Rosales v. Wallace (In re Wallace),* 490 B.R. 898 (B.A.P. 9th Cir. 2013)

There can be no finding of any violation of a "definite or specific court order" arising from the Final Judgment because Final Judgment contained no such order. Since there was no definite and specific court order, Defendant Village 1017 could not have proven the violation. Yet, since the district court considered the Final Judgment as if it

did contain a definite and specific court order, Plaintiff demonstrated through the disclosure of his bank accounts and the listing of assets that he was not able to pay the money judgment. Plaintiff further proved the La Paz County 2013 domestic relations judgment which granted his former wife a first position U.C.C. Lien against all income from whatever source and all assets to secure the spousal maintenance obligation.

**4.  28 U.S.C. §2007(a) Abolishes Imprisonment for Debt**

28 U.S.C. §2007(a) provides:

(a) A person shall not be imprisoned for debt on a writ of execution or other process issued from a court of the United States in any State wherein imprisonment for debt has been abolished. All modifications, conditions, and restrictions upon such imprisonment provided by State law shall apply to any writ of execution or process issued from a court of the United States in accordance with the procedure applicable in such State.

California's Constitution abolished imprisonment for debt. *See* Cons, Section 10. ("A person may not be imprisoned in a civil action for debt or tort, or in peacetime for a militia fine.") The imprisonment for debt having been constitutionally abolished by the California Constitution in a manner particularly applicable to this case, Plaintiff cannot be imprisoned, nor threatened with imprisonment, for a simple money debt created by the Final Judgment [25].

**5.  Plaintiff Files Notice of Emergency Appeal**

In the morning of June 28, 2021, Plaintiff provided Court chamber with a copy of the Notice of Emergency Appeal With Request for Immediate Stay of the Order Re: Civil Contempt & Coercive Incarceration. [49]  The Notice was filed in person prior to the contempt hearing scheduled for 3:15 that day.

**6.  The Post Judgment Contempt Order is Appealable.**

"A district court's post-judgment contempt order is a final, appealable order. *Davies v. Grossmont Union High School Dist*., 930 F.2d 1390, 1393 (9th Cir.), cert. denied, 111 S.Ct. 2892 (1991)." *Alves v. U.S. Dist. Court for Eastern Dist. of California-Fresno,* 967 F.2d 583 (9th Cir. 1992). ""Where the contempt proceeding is the sole proceeding before the district court, an order of civil contempt finding a party in

9

contempt of a prior final judgment and imposing sanctions is a final decision under section 1291." *Shuffler v. Heritage Bank*, 720 F.2d 1141, 1145 (9th Cir. 1983)

Here, the contempt order [45] was based on the Final Judgment [25] which remained the sole proceeding before the district court. The contempt order is appealable.

The filing of a notice of appeal divested the district court of jurisdiction. *Scott v. Younger*, 739 F.2d 1464, 1466 (9th Cir. 1984) (citing *Long v. Bureau of Economic Analysis*, 646 F.2d 1310 (9th Cir.), judgment vacated on other grounds, 454 U.S. 934, 102 S.Ct. 468, 70 L.Ed.2d 242 (1981); *Smith v. Lujan*, 588 F.2d 1304 (9th Cir. 1979).

## 7. District Court Enters Post-Appeal Orders

At the June 28, 2021 hearing, the district court required Plaintiff to pay out $3,500 from his credit card to Mr. Stillman – and not to Defendant – and to pay additional $1,000.00 per month from his social security, again to Mr. Stillman and not to Defendant. Faced with U.S. Marshalls waiting to take Plaintiff into custody to imprison him, Plaintiff had no choice but to consent.

It was not long after the announcement of this verbal order that the Court expressed doubt whether she even had the authority to find Plaintiff in civil contempt. She verbally noted that she probably does not have jurisdiction. The following minute entry issued [54]:

> Minute Entry for proceedings held before Judge Cynthia Bashant: Contempt Hearing held on 6/28/2021. **Defendant ordered to brief whether contempt process is available in light of In re Wallace, 490 B.R. 898, 906 (B.A.P. 9th Cir. 2013), and Shuffler v. Heritage Bank, 720 F.2d 1141 (9th Cir. 1983).** Both parties may submit a brief by July 14, 2021. Mr. Strojnik ordered to overnight mail $3,500 payment to Defendant. Mr. Strojnik ordered to continue making prompt payments. Mr. Strojnik ordered to provide records from $1.2 million in donations to the Court by July 2, 2021. Mr. Strojnik also ordered to provide canceled checks for the Lunar Eclipse account by July 2, 2021. Contempt order (ECF No. 45) continued 8/2/2021 03:00 PM in Courtroom 4B before Judge Cynthia Bashant.(Court Reporter/ECR Ellen Simone). (Plaintiff Attorney Peter Strojnik - Pro Se and in person).(Defendant Attorney Philip Stillman - telephonic). (All non-registered users served via U.S. Mail Service)(no document attached) (sxm) (Entered: 06/29/2021) Emphasis supplied.

District Court's expression of doubt was well placed. In *In re Wallace*, 490 B.R. 898, 906 (B.A.P. 9th Cir. 2013), the Court confirmed that "the proper means to secure

compliance with a money judgment is to seek a writ of execution"', citing cases. And in *Shuffler v. Heritage Bank,* 720 F.2d 1141, 1148 (9th Cir. 1983), the Court held that ""to the extent the order of contempt [is] intended to enforce payment, it cannot be sustained."

"Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise." The 9ᵗʰ Circuit Court of Appeals has noted that this sentence "seemingly leaves open the possibility of securing payment of a money judgment through the imposition of a contempt sanction". *Shuffler,* 720 F.2d at 1148. "Nonetheless", the 9ᵗʰ Circuit Court of Appeals has held, "we do not interpret the exception to execution to permit a federal court to 'enforce a money judgment by contempt or methods other than a writ of execution, except in cases where established principles so warrant' ". Id. (quoting 7 J. Moore & J. Lucas, Moore's Federal Practice p 69.03 (2d ed. 1982)). Thus, "[t]he proper means ... to secure compliance with a money judgment is to seek a writ of execution". Id. at 1147. See also *Gabovitch v. Lundy,* 584 F.2d 559, 560-61 (1st Cir. 1978) ("[T]he legislative history and judicial application of Rule 69(a) make clear that the first sentence of the Rule expresses a limitation on the means of enforcement of money judgments and does not create a general power to issue writs of execution in disregard of the state law incorporated by the rest of the Rule.... [T]he purpose of the first sentence of Rule 69(a) is to restrict remedies on money judgments to legal process and to avoid broad invocation of in personam relief, except where established principles warrant equitable relief."). *Hilao v. Estate of Marcos*, 95 F.3d 848 (9th Cir. 1996)

Plaintiff agrees that those district court orders which require disclosures of bank accounts in aid of execution of the Final Judgment, as Plaintiff has disclosed, or to disclose 5 year old accounting from a charitable organization to whom Plaintiff assigned attorney's fees, may be subject to a contempt citation. But here Plaintiff has faithfully and in good faith complied with all orders of the district court and has disclosed all documents and information requested to be disclosed.

Non-payment of a money judgment, particularly where Plaintiff shows irrefutable proof of his insolvency does not subject Plaintiff to a contempt citation.

1

**PRAYER FOR RELIEF**

2 Dkt. 25 is the operative Final Judgment. The Final Judgment contains no order of

3 payment and does not provide  basis for a contempt order. If, on the other hand, the

4 Order [22] applies, then the fees are due to Defendant Village 1017 and not to Mr.

5 Stillman. The Final Judgment is just that, a Final Judgment for attorney's fees with no

6 attendant order to pay those fees. The execution on that Judgment is governed by Rule

7 69, Fed.R.Civ.P., and does not presuppose the sanction of civil contempt.

8 Therefore, Plaintiff respectfully requests that the Court stay the execution of its

9 July 29, 2021 minute entry order until the Court of Appeals has issued its ruling.

 Plaintiff further requests that the Court vacate the August 2, 2021 hearing.

10 RESPECTFULLY submitted this 30th day of June, 2021.

11

**PETER STROJNIK**

12

13

_____

Plaintiff

14

15

**VERIFICATION**

16 By my signature above, I verify under the penalty of perjury that the above factual

17 contentions are true to the best of my memory, knowledge and belief.

18 Overnight mailed to the Court this 30th day of June, 2021.

19 Copy overnight mailed to the Honorable Cynthia Bashant along with a copy of AID
Foundation's accounting for in camera inspection.

20

21 Copy emailed to Mr. Stillman this day.

22

23

24

25

26

27

28

ER 9

**Query**    **Reports**    **Utilities**    **Help**    **Log Out**

APPEAL,CLOSED

# U.S. District Court
## Southern District of California (San Diego)
## CIVIL DOCKET FOR CASE #: 3:19-cv-02210-BAS-MSB

Strojnik v. Village 1017 Coronado, Inc.
Assigned to: Judge Cynthia Bashant
Referred to: Magistrate Judge Michael S. Berg
Case in other court:  USCA, 21-55682
Cause: 42:12101 The Americans with Disabilities Act of 1990

Date Filed: 11/20/2019
Date Terminated: 06/16/2020
Jury Demand: Plaintiff
Nature of Suit: 446 Civil Rights: Americans with Disabilities - Other
Jurisdiction: Federal Question

**Plaintiff**

**Peter Strojnik, (Sr.)**

represented by **Peter Strojnik, (Sr.)**
7847 N. Central Ave.
Phoenix, AZ 85020
602-524-6602
PRO SE

V.

**Defendant**

**Village 1017 Coronado, Inc.**
*doing business as*
Hotel Marisol Coronado

represented by **Philip H Stillman**
Stillman & Associates
3015 North Bay Road, Suite B
Miami Beach, FL 33140
(888)235-4279
Fax: 888-235-4279
Email: pstillman@stillmanassociates.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/20/2019 | 1 | COMPLAINT with Jury Demand against Village 1017 Coronado, Inc. ( Filing fee $ 400 receipt number CAS117104.), filed by Peter Strojnik, Sr. (Attachments: # 1 Civil Cover Sheet)<br><br>The new case number is 3:19-cv-2210-BAS-MSB. Judge Cynthia Bashant and Magistrate Judge Michael S. Berg are assigned to the case. ((Strojnik, Peter))(smd) (Entered: 11/21/2019) |
| 11/21/2019 | 2 | Summons Issued.<br>**Counsel receiving this notice electronically should print this summons and serve it in accordance with Rule 4, Fed.R.Civ.P and LR 4.1. Summons will be mailed to plaintiffs not receiving notice electronically.** (smd) (Entered: 11/21/2019) |
| 12/23/2019 | 3 | SUMMONS Returned Executed by Peter Strojnik, Sr. Village 1017 Coronado, Inc. served. |

| | | (jmo) (Entered: 12/24/2019) |
|---|---|---|
| 01/06/2020 | 4 | MOTION to Dismiss for Lack of Jurisdiction *and failure To State A Claim* by Village 1017 Coronado, Inc.. (Attachments: # 1 Memo of Points and Authorities, # 2 Declaration of Philip H. Stillman)(Stillman, Philip)Attorney Philip H Stillman added to party Village 1017 Coronado, Inc.(pty:dft) (jmo). (Entered: 01/06/2020) |
| 01/14/2020 | 5 | Notice of Document Discrepancies and Order Thereon by Judge Cynthia Bashant Accepting Document: Plaintiffs Verified Response to Defendants Motion to Dismiss 4 , from Plaintiff Peter Strojnik, Sr. Non-compliance with local rule(s), Civ. L. Rule 5.1: Missing time and date on motion and/or supporting documentation. Nunc Pro Tunc 1/13/2020.(All non-registered users served via U.S. Mail Service)(jmo) (dsn) (Entered: 01/15/2020) |
| 01/14/2020 | 6 | PLAINTIFF'S verified Response to Defendant's Motion to Dismiss 4 , filed by Peter Strojnik, Sr. Nunc pro tunc 1/13/2020. (jmo) (dsn) (Entered: 01/15/2020) |
| 02/11/2020 | 7 | REPLY to Response to Motion re 4 MOTION to Dismiss for Lack of Jurisdiction *and failure To State A Claim* filed by Village 1017 Coronado, Inc.. (Stillman, Philip) (jmo). (Entered: 02/11/2020) |
| 04/28/2020 | 8 | NOTICE *of Supplemental Authorities In Support of Motion to Dismiss Complaint* by Village 1017 Coronado, Inc. re 4 MOTION to Dismiss for Lack of Jurisdiction *and failure To State A Claim* (Stillman, Philip) (Entered: 04/28/2020) |
| 04/29/2020 | 9 | NOTICE *Of Supplemental Authorities (Second)* by Village 1017 Coronado, Inc. re 4 MOTION to Dismiss for Lack of Jurisdiction *and failure To State A Claim* (Stillman, Philip) (Entered: 04/29/2020) |
| 05/06/2020 | 10 | Notice of Document Discrepancies and Order Thereon by Judge Cynthia Bashant Accepting Document: Response to Notice, from Plaintiff Peter Strojnik, Sr. Non-compliance with local rule(s), OTHER: Civ.L. Rule 5.2 - Missing Proof of Service. Nunc Pro Tunc 5/5/20. Signed by Judge Cynthia Bashant on 5/6/20.(All non-registered users served via U.S. Mail Service)(jmo) (dlg). (Entered: 05/06/2020) |
| 05/06/2020 | 11 | RESPONSE to Notice of Supplemental Authorities 8 , filed by Peter Strojnik, Sr. Nunc Pro Tunc 5/5/20. (jmo) (dlg). (Entered: 05/06/2020) |
| 05/11/2020 | 12 | Notice of Document Discrepancies and Order Thereon by Judge Cynthia Bashant Accepting Document: Motion to Strike Notices of Supplemental Authorities 8 and 9, from Plaintiff Peter Strojnik, Sr. Non-compliance with local rule(s), Civ. L. Rule 5.1: Missing time and date on motion and/or supporting documentation. Nunc Pro Tunc 5/7/20. Signed by Judge Cynthia Bashant on 5/8/20.(All non-registered users served via U.S. Mail Service)(dlg) (Entered: 05/11/2020) |
| 05/11/2020 | 13 | MOTION to Strike Notices of Supplemental Authorities 8 and 9 by Peter Strojnik, Sr. Nun Pro Tunc 5/7/20 (dlg) Modified on 6/16/2020 (jmo). (Entered: 05/11/2020) |
| 05/27/2020 | 14 | NOTICE *of Recent Decision Dismissing Strojnik Complaint with Prejudice* by Village 1017 Coronado, Inc. re 4 MOTION to Dismiss for Lack of Jurisdiction *and failure To State A Claim* (Stillman, Philip) (jmo). (Entered: 05/27/2020) |
| 06/16/2020 | 15 | ORDER Granting Defendant's Motion to Dismiss the ADA Claim for Lack of Standing and Declining to Exercise Supplemental Jurisdiction Over State Law Claims (ECF No. 4 ). Signed by Judge Cynthia Bashant on 6/16/20. (All non-registered users served via U.S. Mail Service)(jmo) (dlg). (Entered: 06/16/2020) |
| 06/16/2020 | 16 | CLERK'S JUDGMENT. IT IS SO ORDERED AND ADJUDGED: Defendants Motion to Dismiss (ECF No. 4) is GRANTED. Count One is dismissed with prejudice. The Court |

| | | declines to exercise supplemental jurisdiction over the remaining claims. The case is hereby closed. (All non-registered users served via U.S. Mail Service)(jmo) (dlg). (Entered: 06/16/2020) |
|---|---|---|
| 06/30/2020 | [17](#) | MOTION for Attorney Fees *or In The Alternative, For Sanctions* by Village 1017 Coronado, Inc.. (Attachments: # [1](#) Memo of Points and Authorities, # [2](#) Declaration of Philip Stillman, # [3](#) Proposed Order)(Stillman, Philip) (jmo). (Entered: 06/30/2020) |
| 07/10/2020 | [18](#) | Notice of Document Discrepancies and Order Thereon by Judge Cynthia Bashant Accepting Document: Plaintiffs Objection to Defendants Motion for Attorneys Fees or Sanctions Pursuant to Rule 11, 28 USC 1927 and this Courts Inherent Power, from Plaintiff Peter Strojnik, Sr. Non-compliance with local rule(s), Civ. L. Rule 5.1: Missing time and date on motion and/or supporting documentation. Nunc Pro Tunc 7/10/20. Signed by Judge Cynthia Bashant on 7/10/20.(All non-registered users served via U.S. Mail Service)(jmo) (Entered: 07/13/2020) |
| 07/10/2020 | [19](#) | Plaintiffs Objection to Defendants Motion for Attorneys Fees or Sanctions Pursuant to Rule 11, 28 USC 1927 and this Courts Inherent Power, filed by Peter Strojnik, Sr. Nunc Pro Tunc 7/10/20. (jmo) (Entered: 07/13/2020) |
| 07/27/2020 | [20](#) | REPLY to Response to Motion re [17](#) MOTION for Attorney Fees *or In The Alternative, For Sanctions* filed by Village 1017 Coronado, Inc.. (Stillman, Philip) (jmo). (Entered: 07/27/2020) |
| 01/07/2021 | [21](#) | NOTICE *of Supplemental Authorities Declaring Strojnik A Vexatious Litigant in the District of Arizona* by Village 1017 Coronado, Inc. re [17](#) MOTION for Attorney Fees *or In The Alternative, For Sanctions* (Stillman, Philip) (jmo). (Entered: 01/07/2021) |
| 01/13/2021 | [22](#) | ORDER Granting Defendant's Motion for Attorney Fees (ECF No. [17](#) ). Signed by Judge Cynthia Bashant on 1/12/21. (All non-registered users served via U.S. Mail Service)(jmo) (Entered: 01/13/2021) |
| 01/14/2021 | [23](#) | Notice of Document Discrepancies and Order Thereon by Judge Cynthia Bashant Rejecting Document: Supplementation to Notice of Supplemental Authorities, from Plaintiff Peter Strojnik, Sr. Non-compliance with local rule(s), Supplemental documents require court order, OTHER: An order has already issued on the motion Plaintiff seeks to supplement. Rejected document was returned to the filer. Signed by chambers of Judge Cynthia Bashant on 1/14/21.(All non-registered users served via U.S. Mail Service)(jmo) (Additional attachment(s) added on 1/14/2021: # [1](#) Rejected Document) (jmo). (Entered: 01/14/2021) |
| 01/21/2021 | [24](#) | NOTICE of Lodgment by Village 1017 Coronado, Inc. re [22](#) Order on Motion for Attorney Fees *Judgment* (Attachments: # [1](#) Declaration of Philip Stillman)(Stillman, Philip) **QC MAILER re: filing proposed orders on the docket(jmo). (Entered: 01/21/2021) |
| 01/25/2021 | [25](#) | FINAL JUDGMENT in favor of Philip H. Stillman, attorney for Defendant Village 1107 Coronado, Inc. against Peter Strojnik, Sr. in the amount of $21,995.00 together with post-judgment interest accruing at 0.104% running from January 12, 2021 until the date of payment. Signed by Judge Cynthia Bashant on 1/25/21.(All non-registered users served via U.S. Mail Service)(jmo) (Entered: 01/25/2021) |
| 02/22/2021 | [26](#) | MOTION for Order to Show Cause *re Contempt* by Village 1017 Coronado, Inc.. (Stillman, Philip) (jmo). (Entered: 02/22/2021) |
| 03/29/2021 | [27](#) | ORDER Granting Defendant's Application and Order Plaintiff to Show Cause Re: Contempt (ECF No. [26](#) ). Plaintiff ordered to show cause by 4/5/2021. If Plaintiff files a response, Defendant shall file a reply by 4/12/2021. Signed by Judge Cynthia Bashant on |

3/29/21. (All non-registered users served via U.S. Mail Service)(jmo) (Entered: 03/29/2021)

| 04/12/2021 | 28 | RESPONSE TO ORDER TO SHOW CAUSE by Village 1017 Coronado, Inc. re 27 Order on Motion for Order to Show Cause,. (Stillman, Philip) (jmo). (Entered: 04/12/2021) |
|---|---|---|
| 04/12/2021 | 29 | ORDER Requiring Defendant to Submit Evidence in Support of Plaintiff's Contempt of Court Order. Defendant may submit such evidence to support a finding of contempt on or before 4/20/21. Signed by Judge Cynthia Bashant on 4/12/21.(All non-registered users served via U.S. Mail Service)(jmo) (Entered: 04/13/2021) |
| 04/13/2021 | 30 | DECLARATION re 29 Order, *for Evidence in Support of Contempt* by Defendant Village 1017 Coronado, Inc. (Stillman, Philip) (jmo). (Entered: 04/13/2021) |
| 04/13/2021 | 31 | Order Finding Plaintiff Peter Strojnik in Civil Contempt. Mr. Strojnik will be fined $220.00 for each day of noncompliance from the date of this Order until the date that he pays the attorney's fees amount in full to Defendant and provides proof of payment to the Court. Signed by Judge Cynthia Bashant on 4/13/21.(All non-registered users served via U.S. Mail Service)(jmo) (Entered: 04/13/2021) |
| 04/15/2021 | 32 | Notice of Document Discrepancies and Order Thereon by Judge Cynthia Bashant Accepting Document: Plaintiff's Response to OSC 27 , from Plaintiff Peter Strojnik, Sr. Non-compliance with local rule(s), OTHER: Not timely per ECF No. 27. Nunc Pro Tunc 4/14/21. Signed by Chambers of Judge Cynthia Bashant on 4/15/21.(All non-registered users served via U.S. Mail Service)(jmo) (Entered: 04/15/2021) |
| 04/15/2021 | 33 | Plaintiff's Response to OSC 27 , filed by Peter Strojnik, Sr. Nunc pro tunc 4/14/21. (jmo) (Entered: 04/15/2021) |
| 04/15/2021 | 34 | ORDER: (1) Granting Plaintiff's Motion for Reconsideration; (2) Requiring Plaintiff to Provide Evidence of his Inability to Pay; and (3) Setting Matter for Hearing. The Court Court construes Plaintiff's response as a motion for reconsideration of the Court's 4/13/21 contempt order. The Court grants the motion and vacates the contempt order (ECF No. 31 .) Plaintiff is ordered to provide evidence of his inability to pay to both defense counsel and the Court by 5/17/21. This matter is set for hearing on 6/7/2021 at 02:30 PM in Courtroom 4B before Judge Cynthia Bashant. Signed by Judge Cynthia Bashant on 4/15/21.(All non-registered users served via U.S. Mail Service)(jmo) (Entered: 04/16/2021) |
| 04/16/2021 | 35 | MOTION to Modify Order Granting Reconsideration Of Contempt Order re 34 Order,,, Set Motion and R&R Deadlines/Hearings,, *to Broaden Scope Of Documents required to Be Produced* by Village 1017 Coronado, Inc.. (Stillman, Philip) (jpp). (Entered: 04/16/2021) |
| 04/20/2021 | 36 | NOTICE of Lodgment by Village 1017 Coronado, Inc. re 34 Order,,, Set Motion and R&R Deadlines/Hearings,, *of Plaintiff's Purported "response" To This Court's April 15 Order* (Stillman, Philip) (jmo). (Entered: 04/20/2021) |
| 04/26/2021 | 37 | Response to Order 34 Request for Remote Hearing by Zoom or Telephone, filed by Peter Strojnik, Sr. (jmo) (Entered: 04/27/2021) |
| 04/27/2021 | 38 | Order Granting Defendant's Motion to Modify the Court's April 15, 2021 Order (ECF No. 35 .) The Court grants in part Defendant's Motion. The Court orders Plaintiff to provide (1) bank statements for all bank accounts into which he has deposited any settlements received from 1/1/18 through the present, including without limitation, bank statements for all nonprofit corporations showing hisputative donation of $1.2 million as represented to the court in Strojnik v. IA Napa Lodging First; and (2) an explanation of how he finances his travel, his home, and other personal expenses. The Court denies both the renewed request in Defendant's motion for a bench warrant and Plaintiff's request in his response to appear |

| | | remotely for the 6/7/21 hearing. Both plaintiff and defense counsel are required to appear.. Signed by Judge Cynthia Bashant on 4/27/21. (All non-registered users served via U.S. Mail Service)(jmo) (Entered: 04/27/2021) |
|---|---|---|
| 04/29/2021 | [39](#) | MOTION To Continue or Advance June 7 Hearing Date on OSC re Contempt re [38](#) Order on Motion for Miscellaneous (Other 1),,, by Village 1017 Coronado, Inc.. (Stillman, Philip) (jmo). (Entered: 04/29/2021) |
| 05/04/2021 | [40](#) | Plaintiff's Response to Modified OSC [38](#) and Objection to Mr. Stillman's Anticipated Motion to Reset Hearing [39](#), filed by Peter Strojnik, Sr. (jmo) (Entered: 05/05/2021) |
| 05/07/2021 | [41](#) | Order Granting Defendant's Motion to Continue Hearing (ECF No. [39](#) ). Order to Show Cause Hearing set for 6/7/21 is continued to 6/14/2021 at 03:00 PM in Courtroom 4B before Judge Cynthia Bashant. Signed by Judge Cynthia Bashant on 5/7/21. (All non-registered users served via U.S. Mail Service)(jmo) (Entered: 05/07/2021) |
| 05/18/2021 | [42](#) | Notice of Document Discrepancies and Order Thereon by Judge Cynthia Bashant Accepting Document: Motion for Order to Show Cause Regarding Mr. Stillmans Claim for Attorneys fees for $20,995.00 When he had a flat fee Agreement for $2,500.00, from Plaintiff Peter Strojnik, Sr. Non-compliance with local rule(s), OTHER: CivLR 5.1(a) Missing time/date on motion, supporting documentation; improper format.. Nunc Pro Tunc 5/17/21. Signed by Chamber of Judge Cynthia Bashant on 5/18/21.(All non-registered users served via U.S. Mail Service)(jmo) (Entered: 05/18/2021) |
| 05/18/2021 | [43](#) | Motion for Order to Show Cause Regarding Mr. Stillman's Claim for Attorney's fees for $20,995.00 When he had a flat fee Agreement for $2,500.00, by Peter Strojnik, Sr. Nunc pro tunc 5/17/21 (jmo) (Entered: 05/18/2021) |
| 06/14/2021 | 44 | Minute Entry for proceedings held before Judge Cynthia Bashant: Show Cause Hearing held on 6/14/2021. Witness called and Exhibits ID/Received. Court to issue order. Contempt Hearing set for 6/28/2021 03:15 PM in Courtroom 4B before Judge Cynthia Bashant.(Court Reporter/ECR Dana Peabody). (Plaintiff Attorney Peter Strojnik Pro Se). (Defendant Attorney Philip Stillman). (no document attached) (sxm) (Entered: 06/14/2021) |
| 06/15/2021 | [45](#) | ORDER re: Civil Contempt and Coercive Incarceration. Mr. Strojnik shall pay Defendant a total of $44,246 immediately and without delay. The Court also DENIES Mr. Strojniks motion for an order to show cause regarding Defendants claim for attorneys fees. Signed by Judge Cynthia Bashant on 6/15/2021.(All non-registered users served via U.S. Mail Service)(jmr) (Entered: 06/16/2021) |
| 06/17/2021 | [46](#) | Witness List for evidentiary hearing on 6/14/2021. (sxm) (Entered: 06/17/2021) |
| 06/17/2021 | [47](#) | Defendant Exhibit List by Village 1017 Coronado, Inc for evidentiary hearing on 6/14/2021 (sxm) (Entered: 06/17/2021) |
| 06/28/2021 | [48](#) | RESPONSE TO ORDER TO SHOW CAUSE by Village 1017 Coronado, Inc. re [45](#) Order Imposing Sanctions,. (Attachments: # [1](#) Declaration of Philip Stillman)(Stillman, Philip) (jmo). (Entered: 06/28/2021) |
| 06/28/2021 | [49](#) | NOTICE OF APPEAL to the 9th Circuit with Request for Immediate Stay of the [45](#) Order Re: Civil Contempt & Coercive Incarceration by Peter Strojnik, Sr. (Filing fee $505, receipt no. CAS130648.) (Notice of Appeal electronically transmitted to the US Court of Appeals.) (akr) (Entered: 06/28/2021) |
| 06/28/2021 | 50 | MOTION/Request for Immediate Stay of the [45](#) Order Re: Civil Contempt & Coercive Incarceration by Peter Strojnik, Sr. (Request included in [49](#) Notice of Appeal.) (no document attached) (akr) (Entered: 06/28/2021) |

| | | |
|---|---|---|
| 06/28/2021 | [51] | Notice of Partial Payment with Undertaking to Pay Full Amount Plus Interest and Request for Relief re [45] Order Imposing Sanctions, by Peter Strojnik, Sr. (jmo) (Entered: 06/28/2021) |
| 06/28/2021 | 54 | Minute Entry for proceedings held before Judge Cynthia Bashant: Contempt Hearing held on 6/28/2021. Defendant ordered to brief whether contempt process is available in light of In re Wallace, 490 B.R. 898, 906 (B.A.P. 9th Cir. 2013), and Shuffler v. Heritage Bank, 720 F.2d 1141 (9th Cir. 1983). Both parties may submit a brief by July 14, 2021. Mr. Strojnik ordered to overnight mail $3,500 payment to Defendant. Mr. Strojnik ordered to continue making prompt payments. Mr. Strojnik ordered to provide records from $1.2 million in donations to the Court by July 2, 2021. Mr. Strojnik also ordered to provide canceled checks for the Lunar Eclipse account by July 2, 2021. Contempt order (ECF No. 45) continued 8/2/2021 03:00 PM in Courtroom 4B before Judge Cynthia Bashant.(Court Reporter/ECR Ellen Simone). (Plaintiff Attorney Peter Strojnik - Pro Se and in person). (Defendant Attorney Philip Stillman - telephonic). (All non-registered users served via U.S. Mail Service)(no document attached) (sxm) (Entered: 06/29/2021) |
| 06/29/2021 | [52] | USCA Case Number 21-55682 for [49] Notice of Appeal to the 9th Circuit filed by Peter Strojnik, Sr. (akr) (Entered: 06/29/2021) |
| 06/29/2021 | [53] | USCA Time Schedule Order as to [49] Notice of Appeal to the 9th Circuit filed by Peter Strojnik, Sr. (akr) (Entered: 06/29/2021) |
| 07/06/2021 | [55] | NOTICE of Compliance with Orders of Production in Aid of Execution by Peter Strojnik, Sr. (jmo) (Entered: 07/12/2021) |
| 07/12/2021 | [56] | Notice of Document Discrepancies and Order Thereon by Judge Cynthia Bashant Accepting Document: Motion to Stay order Dated June 28, 2021 [45] for Lack of Jurisdiction Alternatively Motion to Stay Order Dated June 28, 2021 to Determine the Correct Judgment Creditor, from Plaintiff Peter Strojnik, Sr. Non-compliance with local rule(s), Civ. L. Rule 5.1: Missing time and date on motion and/or supporting documentation, Civ. L. Rule 7.1: Lacking memorandum of points and authorities in support as a separate document. Nunc Pro Tunc 7/6/21. Signed by Chambers of Judge Cynthia Bashant on 7/12/21.(All non-registered users served via U.S. Mail Service)(jmo) (Entered: 07/12/2021) |
| 07/12/2021 | [57] | Motion to Stay order Dated June 28, 2021 [45] for Lack of JurisdictionAlternatively Motion to Stay Order Dated June 28, 2021 to Determine the Correct Judgment Creditor, by Peter Strojnik, Sr. NUNC PRO TUNC 7/6/21. (jmo) (Entered: 07/12/2021) |
| 07/15/2021 | [58] | SUPPLEMENTAL BRIEFING by Defendant Village 1017 Coronado, Inc. re 54 Contempt Hearing,,,,, Set Hearings,,,, . (Attachments: # [1] Declaration Of Philip Stillman)(Stillman, Philip) (jmo). (Entered: 07/15/2021) |
| 07/26/2021 | 59 | Minute Entry for Judge Cynthia Bashant: Court VACATES Contempt Hearing on 8/2/2021 03:00 PM in Courtroom 4B before Judge Cynthia Bashant. Court to issue written order on outstanding issues.(no document attached) (sxm) (Entered: 07/26/2021) |
| 08/10/2021 | [60] | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 6/14/2021 before Judge Cynthia Bashant. Court Reporter/Transcriber: Dana Peabody. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or the Court Reporter/Transcriber. If redaction is necessary, parties have seven calendar days from the file date of the Transcript to E-File the Notice of Intent to Request Redaction. The following deadlines would also apply if requesting redaction: Redaction Request Statement due to Court Reporter/Transcriber 8/31/2021. Redacted Transcript Deadline set for 9/10/2021. Release of Transcript |

| | | Restriction set for 11/8/2021. (All non-registered users served via U.S. Mail Service. Notice of electronic filing only.) (akr) (Entered: 08/10/2021) |
| --- | --- | --- |
| 09/15/2021 | <u>61</u> | MOTION for Contempt *of This Court's June 28, 2021 Order* by Village 1017 Coronado, Inc.. (Attachments: # <u>1</u> Declaration Of Philip H. Stillman)(Stillman, Philip) (jmo). (Entered: 09/15/2021) |

| PACER Service Center | | | |
| --- | --- | --- | --- |
| **Transaction Receipt** | | | |
| 09/23/2021 03:32:28 | | | |
| **PACER Login:** | stropc1998 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:19-cv-02210-BAS-MSB |
| **Billable Pages:** | 6 | **Cost:** | 0.60 |