Case No. 21-55682

# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

_____

## PETER STROJNIK, SR.
**Appellant,**
**vs.**

## VILLAGE 1017 CORONADO, INC.
**Appellee.**

_____

## APPELLEE'S MOTION TO DISMISS APPEAL OR IN THE ALTERNATIVE FOR SUMMARY AFFIRMANCE

_____

On Appeal from the United States District Court,
Southern District of California, Case No. 3:19-cv-02210-BAS-MSB,
Hon. Cynthia A. Bashant

_____

STILLMAN & ASSOCIATES
Philip H. Stillman, Esq. (CSB 152861)
3015 North Bay Road, Suite B
Miami Beach, FL 33140
Tel: (888) 235-4279
Fax: (888) 235-4279
Pstillman@stillmanassociates.com
_Attorneys for Appellee Villager 1107 Coronado, Inc._

## CORPORATE DISCLOSURE STATEMENT
### (Fed. R. App. P. 26.1)

No other entity holds any interest in appellee Village 1107 Coronado, Inc.

STILLMAN & ASSOCIATES

Dated: December 5, 2021          By:_____

Philip H. Stillman, Esq.
*Attorneys for VILLAGE 1107 CORONADO, INC.*

# TABLE OF CONTENTS

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    I.     STROJNIK HAS FAILED TO PRESENT AN ADEQUATE BRIEF
          AND EXCERPTS OF THE RECORD . . . . . . . . . . . . . . . . . . . . . . . . 8

         A.    Lack Of An Adequate Record. . . . . . . . . . . . . . . . . . . . . . . . . 8

         B.    Failure To Cite To The Record. . . . . . . . . . . . . . . . . . . . . . . 10

    II.    THE DISTRICT COURT'S ORDER SHOULD BE SUMMARILY
          AFFIRMED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

         A.    Strojnik's First Issue On Appeal Is Frivolous. . . . . . . . . . . . 13

         B.    Strojnik's Second Issue On Appeal Is Frivolous. . . . . . . . . . 16

         C.    Strojnik's Third "Issue" On Appeal Is Foreclosed By Ninth
             Circuit Precedent. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

# TABLE OF AUTHORITIES

*Amphastar Pharm. Inc. v. Aventis Pharma SA*, 856 F.3d 696 (9th Cir. 2017). . . . 18

*Cmty. Commerce Bank v. O'Brien (in Re O'Brien)*, 312 F.3d 1135, 1136 (9th Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*Deitz v. Ford (In re Deitz)*, 760 F.3d 1038, 1051 (9th Cir. 2014) . . . . . . . . . . . . 10

*Dela Rosa v. Scottsdale Memorial Health Systems, Inc.*, 136 F.3d 1241, 1243 n.1 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000) . . . . . . . . . . . . . . 14

*Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). . . . . . . . . . . . . . . . . 14

*Han v. Stanford University Dining Services*, 210 F.3d 1038 (9th Cir. 2000). . . . . 11

*Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*In re Hernandez*, No. SC-13-1301-PaJuKu, 2014 Bankr. LEXIS 1406 (B.A.P. 9th Cir. Apr. 4, 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*In re Wallace*, 490 B.R. 898 (9th Cir. BAP 2013) . . . . . . . . . . . . . . . . . . . . . . . . 16

*Inst. of Cetacean Research v. Sea Shepherd Conservation Soc'y*, 774 F.3d 935, 958 (9th Cir. 2014). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Lowery v. United States*, 258 F.2d 194, 196 (9th Cir. 1958) . . . . . . . . . . . . . . . . 9

*Mitchel v. General Electric Co.*, 689 F.2d 877, 879(9th Cir. 1982) . . . . . . . . . . . 11

*Nadarajah v. Holder*, 569 F.3d 906, 916 (9th Cir. 2009). . . . . . . . . . . . . . . . . . . . 5

*Parsons v. Ryan*, 949 F.3d 443, 455 (9th Cir. 2020). . . . . . . . . . . . . . . . . . . . . . . 16

*Perez v. Perez*, 30 F.3d 1209, 1217-18 (9th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . 9

*Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 628-30 (9th Cir. 2016). . 18, 19

*Stevens v. Security Pacific National Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976) . 11

*Strojnik v. 1017 Coronado, Inc.*, No. 19-cv-02210-BAS-MSB, 2021 U.S. Dist. LEXIS 6824, at *10-11 (S.D. Cal. Jan. 12, 2021) . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

*Strojnik v. 1315 Orange Ave. LLC*, No. 3:19-cv-1991-LAB (JLB), 2021 U.S. Dist. LEXIS 187126 (S.D. Cal. Sep. 29, 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Strojnik v. Ayres-Paso Robles, L.P. et al.*, San Luis Obispo Superior Court Case No. 20CVP0189 (Cal. Super. Ct. February 2, 2021) . . . . . . . . . . . . . . . . . . . . . . . . 2

*Strojnik v. CGD Tempe, LP*, Maricopa Superior Court Case No. CV2021-050418 (Az. Sup. Ct. Nov. 1, 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Strojnik v. Driftwood Hosp. Mgmt. LLC*, 2021 U.S. Dist. LEXIS 1720, at *32 (D. Ariz. Jan. 6, 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Strojnik v. Four Sisters Inns, Inc.*, No. 19-56523, 2020 U.S. App. LEXIS 20146, at *1 (9th Cir. June 26, 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Strojnik v. IA Lodging Napa First LLC*, 2020 U.S. Dist. LEXIS 32075 (N.D. Cal. Feb. 25, 2020). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Strojnik v. Inn at Jack London Square*, No. 20-cv-01289-SBA (TSH), 2021 U.S. Dist. LEXIS 28065 (N.D. Cal. Jan. 28, 2021), Report and Recommendation adopted by *Strojnik v. Inn At Jack London Square*, No. 20-cv-01289 SBA, 2021 U.S. Dist. LEXIS 175930 (N.D. Cal. Apr. 19, 2021) . . . . . . . . . . . . . . . . . . . . . . 2

*Strojnik v. Portola Hotel, LLC*, No. 19-cv-07579-VKD, 2021 U.S. Dist. LEXIS 174905 (N.D. Cal. Sep. 14, 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Strojnik v. SCG American Construction, Inc.*, 2020 U.S. Dist. LEXIS 133127

-iii-

(C.D.Cal. April 19, 2020). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . [2](#)

*Strojnik v. Singpoli Grp., LLC*, 2019 U.S. Dist. LEXIS 24494, at *3-4 (C.D. Cal. Feb. 14, 2019), *aff'd*, 2020 U.S. App. LEXIS 11910 (9th Cir. Apr. 15, 2020) . . . . [1](#)

*Strojnik v. Vill. 1107 Coronado, Inc.*, No. 19-cv-02210-BAS-MSB, 2021 U.S. Dist. LEXIS 112456, at *2 (S.D. Cal. June 15, 2021). . . . . . . . . . . . . . . . . . . . . . [6](#), [7](#)

*Strojnik v. Vill. 1107 Coronado, Inc.*, No. 19-cv-02210-BAS-MSB, 2021 U.S. Dist. LEXIS 71343 (S.D. Cal. Apr. 13, 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . [6](#)

*Strojnik v. Vill. 1107 Coronado*, No. 19-cv-02210-BAS-MSB, 2021 U.S. Dist. LEXIS 115062 (S.D. Cal. Apr. 15, 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . [6](#)

*Strojnik v. Village 1107 Coronado, Inc.*, Case No. 3:19-cv-02210 (S.D.Cal. June 16, 2020). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . [4](#)

*United States v. Hooton*, 693 F.2d 857, 858 (9th Cir. 1982) . . . . . . . . . . . . . . . . [13](#)

*Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) . . [14](#)

**INTRODUCTION**

Appellee Village 1107 Coronado, Inc. requests that this Court dismiss the appeal for lack of an adequate record (and failure to cite to the record in support of his purported statement of facts), or alternatively, summarily affirm the District Court as it is manifest that the questions on which the decision in the appeal depends are so insubstantial as not to justify further proceedings pursuant to Circuit Rule 3.6(a). Appellant Peter Strojnik opposes this Motion.

Appellant Peter Strojnik is a former Arizona attorney who was disbarred for filing over 1,700 fraudulent lawsuits pursuant to the Americans with Disabilities Act. *Strojnik v. 1017 Coronado, Inc*., 2021 U.S. Dist. LEXIS 6824, at *5 (S.D. Cal. Jan. 12, 2021). As one Court held in dismissing a Strojnik ADA case with prejudice:

> A search of pacer.gov, sorted by date, reveals that three months after Plaintiff's law license was suspended, he began filing ADA access cases as a pro se litigant instead of filing them on behalf of clients. [citation omitted] Indeed, in less than four months, Plaintiff has filed twenty-six ADA actions as a pro se litigant. Rather than being a befuddled pro se litigant . . . Plaintiff is an experienced litigator who appears to have altered his business model to work around the loss of his license.

*Strojnik v. Singpoli Grp., LLC*, 2019 U.S. Dist. LEXIS 24494, at *3-4 (C.D. Cal. Feb. 14, 2019), *aff'd*, 2020 U.S. App. LEXIS 11910 (9th Cir. Apr. 15, 2020).

To date, Strojnik has been declared a vexatious litigant in the Northern District, *Strojnik v. IA Lodging Napa First LLC*, 2020 U.S. Dist. LEXIS 32075 (N.D. Cal. Feb. 25, 2020), the Central District, *Strojnik v. SCG American Construction, Inc.*, 2020 U.S. Dist. LEXIS 133127 (C.D.Cal. April 19, 2020), Southern District of California, *Strojnik v. 1315 Orange Ave. LLC*, No. 3:19-cv-1991-LAB (JLB), 2021 U.S. Dist. LEXIS 187126 (S.D. Cal. Sep. 29, 2021), the state courts of California, *Strojnik v. Ayres-Paso Robles, L.P. et al.*, San Luis Obispo Superior Court Case No. 20CVP0189 (Cal. Super. Ct. February 2, 2021), the District of Arizona, *Strojnik v. Driftwood Hosp. Mgmt. LLC*, 2021 U.S. Dist. LEXIS 1720, at *32 (D. Ariz. Jan. 6, 2021), and the state courts of Arizona, *Strojnik v. CGD Tempe, LP*, Maricopa Superior Court Case No. CV2021-050418 (Az. Sup. Ct. Nov. 1, 2021).

In addition to being declared a vexatious litigant, and in addition to the attorney's fee award in the District Court here, he has unpaid attorney's fee awards against him after dismissal of his ADA complaints in *Strojnik v. Inn at Jack London Square*, No. 20-cv-01289-SBA (TSH), 2021 U.S. Dist. LEXIS 28065 (N.D. Cal. Jan. 28, 2021), Report and Recommendation adopted by *Strojnik v. Inn At Jack London Square*, No. 20-cv-01289 SBA, 2021 U.S. Dist. LEXIS 175930 (N.D. Cal. Apr. 19, 2021)(finding complaint frivolous and awarding $17,850),

*Strojnik v. Portola Hotel, LLC*, No. 19-cv-07579-VKD, 2021 U.S. Dist. LEXIS 174905 (N.D. Cal. Sep. 14, 2021) (finding complaint frivolous and awarding $13,662) and in *Strojnik v. 1315 Orange Ave. LLC*, No. 3:19-cv-1991-LAB (JLB), 2021 U.S. Dist. LEXIS 187126 (S.D. Cal. Sep. 29, 2021)(finding Strojnik to be a vexatious litigant and awarding $11,400 in compensatory sanctions). Not one of those attorney's fee awards has been paid, either in whole or in part.

In this appeal, Strojnik has committed the cardinal sin of appeals – failing to present an adequate record for this Court's review and failing to limit his alleged "facts" to citations to the actual record. Although he challenges the District Court's finding that he has the ability to pay the prior attorney's fee award as well as the fees imposed on him for the contempt proceedings, Strojnik has failed to present (1) a transcript of the evidentiary hearing, required by Circuit Rule 30.1-4(c), (2) the exhibits presented in the evidentiary hearing, Circuit Rule 30.1-4(c) and has (3) failed to cite to the record for most of his (false) "statement[s] of relevant facts," Fed.R.App.P. 28(a)(6). Accordingly, this Court can either dismiss the appeal for lack of an adequate record or summarily affirm the District Court on that basis alone.

In addition to failing to cite this Court to evidence in support of his appeal and present key evidence such as the transcript of the evidentiary hearing on

-3-

which the appealed-from order is based and the exhibits introduced therein that

support the District Court's order being appealed, the appeal raises issues that are

plainly foreclosed by this Court's precedent and therefore the issues raised are so

insubstantial as not to justify further proceedings pursuant to Circuit Rule 3.6(a).

## STATEMENT OF FACTS

On June 16, 2020, the District Court dismissed Strojnik's complaint with

prejudice for lack of standing. *Strojnik v. Village 1107 Coronado, Inc.*, Case No.

3:19-cv-02210 (S.D.Cal. June 16, 2020). On January 12, 2021, the District Court

granted Village 1107's Motion for Attorney's Fees, finding among other things:

> Mr. Strojnik appears to suggest that he is wheelchair-bound, a fact
> that clearly is not true. In the case most recently before the Court, the
> Court ordered an IME to determine whether Mr. Strojnik was truly
> disabled as he claimed in his lawsuit. The case settled after the IME
> was conducted but the examiner concluded Mr. Strojnik "ambulates
> relatively well with a very slight limp and has an erect posture." (See
> Ex. 2 to Stillman Decl.) Similarly, at a Court hearing on December
> 10, 2019 (a month after this lawsuit was filed), the Court observed
> Plaintiff able to walk into a courtroom unassisted by a wheelchair. At
> that time Plaintiff did not appear to have difficulty walking. . . .This is
> particularly troubling given Mr. Strojnik's history of filing meritless
> lawsuits and using misrepresentations to encourage small business
> defendants into quick settlements. These tactics led Mr. Strojnik to be
> disbarred by the State of Arizona. He appears to be using similar
> tactics in California, using himself as a questionable plaintiff. . . .This
> conduct is clearly frivolous, unreasonable, and groundless.

*Strojnik v. 1017 Coronado, Inc.*, No. 19-cv-02210-BAS-MSB, 2021 U.S. Dist.

LEXIS 6824, at *10-11 (S.D. Cal. Jan. 12, 2021). Over Strojnik's objection that, among other things, there was no evidence that "Mr. Stillman's client actually agreed to pay Mr. Stillman's fees," and applying the loadstar, the District Court found that $500 per hour was a reasonable rate for attorneys of Mr. Stillman's experience, and found that the amount of hours sought was reasonable, awarding $21,995 in attorney's fees. *Strojnik v. 1017 Coronado, Inc.*, No. 19-cv-02210-BAS-MSB, 2021 U.S. Dist. LEXIS 6824, at *12-13 (S.D. Cal. Jan. 12, 2021) As the District Court stated, "the award of attorneys' fees under civil rights fee-shifting statutes is not cost-based" and "an award of attorneys' fees . . . is not necessarily contingent upon an obligation to pay counsel." *Id. citing Nadarajah v. Holder*, 569 F.3d 906, 916 (9th Cir. 2009). "The presence of an attorney-client relationship suffices to entitle prevailing litigants to receive fee awards." *Id.* "Mr. Stillman has appeared as counsel for Defendant throughout this litigation, so there is no question that an attorney-client relationship exists between them. Whether or not Defendant is required to pay this amount to Mr. Stillman is irrelevant." *Id.* Strojnik was ordered to pay the attorney's fees "forthwith." *Id.* at *14.

Strojnik did not appeal that Order nor did he seek a stay. He simply refused to pay the attorneys' fee award and on February 22, 2021, Village 1107 asked the

District Court to hold him in contempt. *Strojnik v. Vill. 1107 Coronado, Inc.*, No. 19-cv-02210-BAS-MSB, 2021 U.S. Dist. LEXIS 112456, at *2 (S.D. Cal. June 15, 2021). The District Court granted the application and issued an Order to Show Cause why Strojnik should not be held in contempt for failing to comply with the Court's Attorney's Fees Order. *Id.*

On April 13, 2021, the District Court held Strojnik in contempt for failing to pay the attorneys' fees as ordered "within a reasonable time." *Strojnik v. Vill. 1107 Coronado, Inc.*, No. 19-cv-02210-BAS-MSB, 2021 U.S. Dist. LEXIS 71343 (S.D. Cal. Apr. 13, 2021). However, after Strojnik contended that he was unable to pay the attorneys' fees because of a supposed lien on his assets and income by his ex-wife, the District Court vacated the finding of contempt and permitted Strojnik to show an inability to comply with the District Court's Order. *Strojnik v. Vill. 1107 Coronado*, No. 19-cv-02210-BAS-MSB, 2021 U.S. Dist. LEXIS 115062 (S.D. Cal. Apr. 15, 2021). The District Court set an evidentiary hearing to determine Strojnik's ability to pay, which was held on June 14, 2021. *Strojnik v. Vill. 1107 Coronado, Inc.*, No. 19-cv-02210-BAS-MSB, 2021 U.S. Dist. LEXIS 112456, at *3 (S.D. Cal. June 15, 2021).

Strojnik was placed under oath and examined by Mr. Stillman and 21 exhibits were received as evidence. *See id.* Evidence was admitted showing that

-6-

based on Strojnik's incomplete bank records, from September 1, 2018 through March 31, 2021, Strojnik pocketed a staggering ***$1,777,845.20*** in ADA settlements. *See* Evidentiary Hearing Exhibit 19, attached to the Declaration of Philip Stillman as <u>Exhibit 2</u>. From those funds, he transferred $312,065.17 to a Chase Money Market Account ending in 5856 (for which he produced no documents), $136,744.06 to another Chase account (for which he also produced no documents), $10,900 to his personal account at Navy Federal (for which he produced only one statement that did not show the transfer) and an additional $8,000 in wire transfers that are unidentified. <u>Exhibit 19</u>. Not surprisingly, after hearing testimony and considering the evidence submitted, the Court found the following:

> 1. Mr. Strojnik is in civil contempt of the Court's Attorney's Fees Order;
> 2. Mr. Strojnik has the ability to pay;
> 3. Mr. Strojnik's testimony concerning his ability to pay is not credible; and
> 4. A civil sanction of an additional $22,551 is appropriate to compensate Defendant for the cost of seeking a contempt finding against Mr. Strojnik.

*Strojnik v. Vill. 1107 Coronado, Inc.*, No. 19-cv-02210-BAS-MSB, 2021 U.S. Dist. LEXIS 112456, at *3 (S.D. Cal. June 15, 2021). Again using the loadstar, the District Court ordered compensatory sanctions of $22,551. "[T]he cost of

bringing the violation to the attention of the court is part of the damages suffered by the prevailing party and those costs would reduce any benefits gained by the prevailing party from the court's violated order." *Id.* citing *Inst. of Cetacean Research v. Sea Shepherd Conservation Soc'y*, 774 F.3d 935, 958 (9th Cir. 2014).

Although the District Court warned Strojnik that he would be subject to coercive incarceration if he failed to comply with the Attorneys' Fee Order and the $22,551 ordered as a compensatory sanction, *id.* at *9, the District Court subsequently asked for briefing regarding whether the Attorneys' Fee Order could be enforced by coercive incarceration. The District Court never incarcerated Strojnik, vacated the subsequent hearing date and took the matter under submission.

## ARGUMENT

## I.

## STROJNIK HAS FAILED TO PRESENT AN ADEQUATE BRIEF AND EXCERPTS OF THE RECORD

A.  Lack Of An Adequate Record.

"If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or

conclusion." *Cmty. Commerce Bank v. O'Brien (in Re O'Brien)*, 312 F.3d 1135, 1136 (9th Cir. 2002). As with briefing inadequacies, the failure to present a sufficient record can itself serve as a basis for summary affirmance, *Perez v. Perez*, 30 F.3d 1209, 1217-18 (9th Cir. 1994); *Lowery v. United States*, 258 F.2d 194, 196 (9th Cir. 1958) ("Since appellant has seen fit to proceed with his appeal on the wholly inadequate record we have described, the judgment must be and is affirmed."), or for a dismissal of the appeal, *Dela Rosa v. Scottsdale Memorial Health Systems, Inc.*, 136 F.3d 1241, 1243 n.1 (9th Cir. 1998). *See also*, Circuit Advisory Committee Note to Rule 10-3 (explicitly stating that the appeal is subject to dismissal at the discretion of this Court for fialing to file a necessary transcript). The "rules of practice and procedure were not whimsically created by judges who derive some sort of pleasure from the policing functions that the existence of such local rules necessarily entails." *Dela Rosa v. Scottsdale Mem'l Health Sys.*, 136 F.3d 1241, 1244 (9th Cir. 1998).

In Strojnik's "Statement of Issues for Review," he challenges (1) the amount of attorneys' fees awarded, and (2) "Whether a finding of civil contempt for non-payment of attorney's fees coupled with a threat of coercive incarceration is error . . .Where Appellant proved inability to pay." Opening Brief, p. 3. In addition, he directly disputes the District Court's findings in his Opening Brief:

> Despite all the uncontroverted documentary evidence produced by Appellant evidencing his level of destitution, district court expressed her opinion, first on June 14, 2021, and then again on June 28, 2021, that Appellant was dishonest. At least twice, the Court stated, paraphrasing, "I do not believe anything you say, Mr. Strojnik." The Court's lack of credulity is unexplainable.

*Id.* at pp. 9-10. Despite putting the District Court's factual findings and credibility determination at issue, Strojnik failed to include the transcript of the June 14, 2021 evidentiary hearing and failed to include the exhibits admitted in the evidentiary hearing. A court's factual findings are reviewed for clear error. *Deitz v. Ford (In re Deitz)*, 760 F.3d 1038, 1051 (9th Cir. 2014). Because the District Court's factual findings were based in part on its assessment of the credibility of witnesses, those findings are entitled to deference from this Court. *Id.* Since Strojnik failed to present an adequate record from which this Court could potentially conclude that the District Court's findings were clearly erroneous, the record is plainly inadequate.

B.     Failure To Cite To The Record.

The "'appellant's brief must contain' certain information, in appropriate sections, and in the order indicated. FRAP 28(a) (emphasis added). The appellant's brief does not contain . . . appropriate references to the record, FRAP 28(a)(7) & FRAP 28(e)." *Cmty. Commerce Bank v. O'Brien (in Re O'Brien)*, 312 F.3d at

1136. "We have previously held that failure to comply with Rule 28, by itself, is sufficient ground to justify dismissal of an appeal." *Han v. Stanford University Dining Services*, 210 F.3d 1038, 1040 (9th Cir. 2000); *Mitchel v. General Electric Co.*, 689 F.2d 877, 879(9th Cir. 1982); *Stevens v. Security Pacific National Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976); *see also* Ninth Circuit Rule 28-1(a)("Briefs not complying with FRAP and these rules may be stricken by the Court.").

Strojnik, an experienced, albeit disbarred, lawyer, knows that statements of fact in an appellate brief must cite to the record. Yet is Opening Brief is rife with purportedly factual statements that either have no basis in the record or, if there is a cite at all, fails to cite this Court to the contrary evidence presented at the evidentiary hearing.

For example, his first "issue" is that the Court erred in not limiting any attorney's fee award to $2,500, which he contends is the fee arrangement between Village 1107 and Mr. Stillman. Although legally irrelevant, there is *nothing* in the record to support Strojnik's contention that Village 1107 had a fee agreement with Mr. Stillman capping its fees at $2,500. Strojnik never sought to call Mr. Stillman or Village 1107 to testify at the evidentiary hearing, to the extent that he thought that the issue was relevant. Moreover, in his Opening Brief, p. 4, Strojnik states that

> The motion for attorney's fees was based on Appellee's counsel's, Mr. Stillman's, sworn declaration that he had an hourly fee agreement at $500.00 per hour. The sworn hourly fee agreement was evidenced by Mr. Stillman's invoice to his Appellee client dated June 30, 2020, in which Mr. Stillman swore that he billed his client $20,995.

Not surprisingly, there is nothing in the record to support that plainly false statement.[1]  Although that award was never appealed and is therefore legally irrelevant, Mr. Stillman's declaration in support of the Motion for Attorney's Fees, ECF No. 17-2, says nothing of the sort, something that would be readily apparent to this Court had Strojnik provided a proper record and cited to it.

In another particularly egregious example, Strojnik contends that

> the Court was aware that the entirety of Appellant's income from whatever source and all his assets were subject to the Court Ordered priority U.C.C. lien that had been in place since December of 2013 by the Order of the Domestic Relations Judge in La Paz County Superior Court, cause number DO 2013-00120 styled In Re The Marriage of Tanya C. Strojnik and Peter Strojnik. Dkt. at 33.

Opening Brief, p.8.  However, Strojnik fails to cite this Court to the findings of the District Court at the evidentiary hearing that the divorce was likely a sham, because Strojnik lived with his wife in the same house both before the purported divorce and after, travels with Tanya Strojnik 75-80% of the time, she has

---

[1]  That statement is irrelevant in any event, since the time within which to have appealed the January 12, 2021 attorney's fee award has long since passed. The only potential issue in this appeal is the award of compensatory sanctions to Village 1107 for the contempt proceedings.

complete control over the account into which he deposits his ill-gotten gains from his ADA scheme, and withdrew on her own over $312,000 in settlement proceeds from that account.  Stillman Decl., ¶ 8 and <u>Exhibit 3</u> thereto.

Strojnik also quotes from a hearsay email from counsel that is not part of the record.  Opening Brief, p. 11.

Obviously, it is grossly improper to ignore evidence unfavorable to an appellant, while citing the appellant's own speculation that was rejected by the District Court.  By failing to cite to the record and failing to present a complete record, this Court should exercise its discretion and dismiss the appeal.

## II.

## <u>THE DISTRICT COURT'S ORDER SHOULD BE SUMMARILY AFFIRMED</u>

In the event that this Court does not dismiss Strojnik's appeal, it should summarily affirm the District Court's order pursuant to Circuit Rule 3.6(a). *See Strojnik v. Four Sisters Inns, Inc.*, No. 19-56523, 2020 U.S. App. LEXIS 20146, at *1 (9th Cir. June 26, 2020) ("A review of the record and the opening brief indicates that the questions raised in this appeal are so insubstantial as not to require further argument.") citing *United States v. Hooton*, 693 F.2d 857, 858 (9th Cir. 1982) (stating standard).

A.   <u>Strojnik's First Issue On Appeal Is Frivolous.</u>

As discussed above, Strojnik's first issue on appeal is "Whether an award of attorney's fees to Appellee in the amount of $44,246 was error in light of Appellee's $2,500 flat fee agreement with its counsel Mr. Stillman."  Opening Brief, p. 3.  It is frivolous for three reasons.

First, there is zero evidence that there was any $2,500 fee agreement between Mr. Stillman and Village 1107 other than Strojnik's rank speculation based on a general statement by the California Hotel & Lodging Association to its members of an affiliation with Mr. Stillman's firm to defend them in ADA lawsuits.

Second, of the $44,246 in attorneys' fees, $21,995 was awarded on January 12, 2021 and never appealed and is therefore irrelevant.  The $22,551 was awarded as a compensatory sanction for the time expended in bringing Strojnik's contempt to the Court, having nothing to do with a fee agreement (real or imagined).

Finally, it is settled law that attorney's fee awards are not limited by the actual fees paid. The court has broad discretion to determine the reasonableness of attorney's fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992).  The court uses the "lodestar," which represents the number of hours reasonably

-14-

expended on the litigation multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). The lodestar figure is presumed reasonable. *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9ᵗʰ Cir. 2000). Strojnik does not argue either that the Court abused its discretion in determining the reasonable hourly rate or determining the reasonable number of hours.[2]

"It is well-settled that an award of attorneys fees [under EAJA] is not necessarily contingent upon an obligation to pay counsel . . . ." *Nadarajah v. Holder,* 569 F.3d 906, 916 (9ᵗʰ Cir. 2009)(brackets in original). The actual fee arrangements between client and counsel are irrelevant to the award of fees. *Id.*

> The United States Supreme Court clarified long ago that the award of attorneys' fees under civil rights fee-shifting statutes is not cost-based, and that the award of prevailing market rates -- regardless whether the claimant is represented by private counsel or a non-profit legal services organization -- should not be viewed as an unjustified "windfall" profit to the attorney. *See Blum v. Stenson*, 465 U.S. 886, 892-95, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984); *Hensley*, 461 U.S. at 433 n.7 (standards applicable to § 1988 awards "are generally

---

[2] Strojnik contends that he was unable to dispute the itemized billing presented. However, the itemized billing was an exhibit submitted in the evidentiary hearing, and an exhibit binder was provided to Strojnik before the hearing. Stillman Decl., ¶ 10. Strojnik did not object at the evidentiary hearing to the exhibit, ask for more time to review the exhibit or call Mr. Stillman as a witness to testify about those fees. Accordingly, any objection to the itemized fees was waived. Had Strojnik submitted a complete record, including the evidentiary hearing transcript, that would be readily apparent.

> applicable in all cases where Congress has authorized an award of
> fees to a 'prevailing party'").

*Nadarajah*, 569 F.3d at 916. *Nadarajah* is particularly instructive, in that the

ACLU attorney stated in his declaration that the ACLU was representing the client

for *nothing* and the fee agreement with the client provided that the client would

assign any fees awarded to the ACLU. "The ACLU's representation of Nadarajah

at no charge, pursuant to the retainer agreement, does not preclude awarding

reasonable attorneys' fees under EAJA, including the requested prevailing market

rates." *Id.* Accordingly, Strojnik's first issue is frivolous.

B.    <u>Strojnik's Second Issue On Appeal Is Frivolous</u>.

Strojnik's second issue on appeal is whether the District Court can enforce

an attorney's fee order by incarceration. This is insubstantial for several reasons.

First, the District Court has not ordered Strojnik incarcerated, at least as of now, so

that issue is not ripe. Second, the attorney's fee order is plainly a lawful order of

the court that Strojnik ignored, as he has all of the other attorney's fee awards. It

is not the enforcement of a money judgment by contempt. It is the enforcement of

an attorney's fee award to compensate Village 1107 for having to defend a

frivolous case. Nothing prohibits the use of contempt to enforce an order for the

payment of attorney's fees for frivolous litigation. This Court's own recent

decision in *Parsons v. Ryan*, 949 F.3d 443, 455 (9ᵗʰ Cir. 2020) affirmed the

propriety of enforcing noncompliance with OSC through contempt and awarding

attorney's fees.  In *In re Wallace*, 490 B.R. 898 (9ᵗʰ Cir. BAP 2013), the

Bankruptcy Appellate Panel affirmed the bankruptcy court's ability to enforce an

attorney's fee award by contempt.

> Despite Civil Rule 69's mandate for the proper enforcement of money
> judgments, we are persuaded . . . that a court's monetary sanction for a
> contemnor's misconduct is not an "ordinary" money judgment, and
> therefore the use of the contempt power is a proper method to enforce
> a sanction for misconduct.

*Id.*  A year later, *In re Wallace* was followed by *In re Hernandez*, No.

SC-13-1301-PaJuKu, 2014 Bankr. LEXIS 1406 (B.A.P. 9ᵗʰ Cir. Apr. 4, 2014)

which also explicitly rejected the argument that an order to pay attorney's fees

must be enforced through a writ of execution:

> Collect's argument that the Attorney Fee Order is a money judgment
> that must be enforced through a writ of execution under Civil Rule
> 69(a) is inconsistent with *In re Wallace*. We hold that the Attorney
> Fee Order was a definite and specific order that Collect knowingly
> elected to disregard. Accordingly, the bankruptcy court did not abuse
> its discretion in finding Collect in contempt. Id. at 908.

*Id.* at *21-24.  In the present case, Strojnik failed to comply with (1) the January

12, 2021 Attorney's Fee Order ordering payment of the attorney's fees

"forthwith," (2) the Order to Show Cause requiring the production of specified

bank records and financial information, including assets and all accounts into

which settlement funds had been deposited and (3) this Court's further June 29, 2021 Order to pay $3500 via overnight mail and produce all cancelled checks for the Lunar Eclipse account.  Not only is the Attorney's Fee Order enforceable by contempt as in *In re Wallace* and *In re Hernandez*, but the subsequent attorney's fees awarded against Strojnik incurred in pursuing the contempt are also separately enforceable by contempt. *Shell Offshore Inc. v. Greenpeace, Inc*., 815 F.3d 623, 628-30 (9th Cir. 2016)(court authorized to award attorney's fees for contempt).

C.    Strojnik's Third "Issue" On Appeal Is Foreclosed By Ninth Circuit Precedent.

Strojnik's third contention on appeal is that the District Court could not award attorney's fees because it previously dismissed Strojnik's complaint for lack of standing.  That is literally frivolous.  First, Strojnik never appealed the District Court's January 12, 2021 Attorneys' Fee Order. Thus, it is too late to claim that the District Court lacked jurisdiction to make an attorneys' fee award.  Second, in *Amphastar Pharm. Inc. v. Aventis Pharma SA*, 856 F.3d 696 (9th Cir. 2017), this Court rejected the exact claim made by Strojnik here – that a court dismissing a case for lack of subject matter jurisdiction cannot make an award of attorney's fees.  As this Court held:

> We are persuaded that the district court had subject matter jurisdiction over the attorneys' fees issue and that Aventis is the prevailing party. As such, the district court may award attorneys' fees to Aventis if it determines that Amphastar's claim 'was clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment.'

*Id.* at 711.  In this case, the District Court found that Strojnik's complaint was frivolous, vexatious and unreasonable.  *Amphastar Pharm.* therefore forecloses Strojnik's third issue.  Finally, the District Court plainly had jurisdiction to enforce its own orders by contempt, including an award of compensatory sanctions.  *Shell Offshore Inc.*, 815 F.3d 628-30 (court authorized to award attorney's fees for contempt).  Thus, the entirety of Strojnik's appeal is so insubstantial as to warrant summary affirmance.

## CONCLUSION

For the foregoing reasons, Defendant requests that this Court dismiss the appeal for lack of an adequate record and brief or in the alternative, summarily affirm the district court's judgment.

Respectfully submitted,

STILLMAN & ASSOCIATES

Dated: December 5, 2021              By:_____

    Philip H. Stillman, Esq.
*Attorneys for Village 1107 Coronado, Inc.*

-19-

# CERTIFICATE OF COMPLIANCE

Pursuant to Ninth Circuit Rule 27(d)(2)(A), I certify that the foregoing Motion to Dismiss Appeal is proportionally spaced in serif font (Times New Roman style), has a typeface of 14 points, and contains 4,481 words, excluding the parts of the brief exempted by Rule 27(a)(2)(B) and complies with the page limits in Circuit Rule 32-3(2). This Motion was prepared using WordPerfect and the word court was determined using the Corel WordPerfect word count application.

**STILLMAN & ASSOCIATES**

Dated: December 5, 2021       By:_____

              Philip H. Stillman, Esq.
              *Attorneys for Village 1107 Coronado, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on December 4, 2021

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ *Philip H. Stillman*

_____

Philip H. Stillman