Case No. 21-55682

# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

___

**PETER STROJNIK, SR.**
Appellant,
vs.

**VILLAGE 1017 CORONADO, INC.**
Appellee.

___

# APPELLEE'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS APPEAL OR IN THE ALTERNATIVE FOR SUMMARY AFFIRMANCE

___

On Appeal from the United States District Court,
Southern District of California, Case No. 3:19-cv-02210-BAS-MSB,
Hon. Cynthia A. Bashant

___

STILLMAN & ASSOCIATES
Philip H. Stillman, Esq. (CSB 152861)
3015 North Bay Road, Suite B
Miami Beach, FL 33140
Tel: (888) 235-4279
Fax: (888) 235-4279
Pstillman@stillmanassociates.com
*Attorneys for Appellee Village 1107 Coronado, Inc.*

## TABLE OF CONTENTS

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    I.    STROJNIK HAS FAILED TO EVEN ADDRESS THE ISSUES RAISED IN THE MOTION TO DISMISS REGARDING THE LACK OF AN ADEQUATE RECORD AND CITATIONS TO THE RECORD . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    II.    SUMMARY AFFIRMANCE IS APPROPRIATE IF THIS COURT DECLINES TO DISMISS STROJNIK'S APPEAL OUTRIGHT . . . 5

        A.    Stronik's Issue No. 1 Is Frivolous. . . . . . . . . . . . . . . . . . . . . . 6

        B.    Strojnik's Second Issue On Appeal Is Insubstantial. . . . . . . . 7

        C.    Strojnik's Third Issue – That The Court Lacked Subject Matter Jurisdiction – Is Frivolous. . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

# TABLE OF AUTHORITIES

*Amphastar Pharm. Inc. v. Aventis Pharma SA*, 856 F.3d 696 (9th Cir. 2017). . . . . 9

*Blum v. Stenson*, 465 U.S. 886, 892-95, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984) 7

*Cleveland Hair Clinic, Inc. v. Puig,* 106 F.3d 165, 166 (7th Cir. 1997) . . . . . . . . . 9

*Cmty. Commerce Bank v. O'Brien (in Re O'Brien)*, 312 F.3d 1135, 1136 (9th Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Collect Access, LLC v. Hernandez (In re Hernandez)*, No. SC-13-1301-PaJuKu, 2014 Bankr. LEXIS 1406, at *24 (B.A.P. 9th Cir. Apr. 4, 2014) . . . . . . . . . . . . . 8

*CRST Van Expedited Inc. v. E.E.O.C.* __ U.S. __,136 S. Ct. 1642, 1646, 194 L. Ed. 2d 707 (2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Deitz v. Ford (In re Deitz)*, 760 F.3d 1038, 1051 (9th Cir. 2014) . . . . . . . . . . . . . 3

*Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). . . . . . . . . . . . . . . . . 7

*Maciel v. Cate*, 731 F.3d 928, 932 n.4 (9th Cir. 2013) . . . . . . . . . . . . . . . . . . . . . 3

*Mitchel v. Gen. Elec. Co.*, 689 F.2d 877, 879 (9th Cir. 1982) . . . . . . . . . . . . . . . . 4

*N/S Corp. v. Liberty Mut. Ins. Co.*, 127 F.3d 1145, 1146 (9th Cir. 1997) . . . . . . . 4

*Nadarajah v. Holder,* 569 F.3d 906, 916 (9th Cir. 2009). . . . . . . . . . . . . . . . . . . 7

*Pecover v. Elec. Arts Inc.*, 633 F. Supp. 2d 976, 984 (N.D. Cal. 2009) . . . . . . . . . 3

*Rosales v. Wallace (In re Wallace)*, 490 B.R. 898, 907 (B.A.P. 9th Cir. 2013). . . . 8

*Smith v. Brady*, 972 F. 2d, 1095 (9th Cir. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . 9

## INTRODUCTION

Appellant Peter Strojnik seemingly failed to read appellee Village 1107 Coronado, Inc's Motion to Dismiss his appeal or in the alternative, summarily affirm the District Court. Strojnik's Opposition to that Motion appears to be a copy of his Opening Brief, which, rather than respond to Village 1107's Motion, merely repeats the arguments made in the Opening Brief.

For example, Village 1107 argued that the appeal should be dismissed because Strojnik failed to present an adequate record on appeal – specifically, a transcript of the evidentiary hearing and the evidence submitted in that hearing – even though he is challenging the District Court's factual findings based on the evidence submitted in the evidentiary hearing, including Strojnik's testimony, which the District Court found not to be credible. Strojnik has not addressed that issue at all. He does not contend that the transcript and exhibits are irrelevant, nor does he offer any explanation for failing to include that transcript and the exhibits in the record. He merely repeats his arguments from his Opening Brief regarding the merits. In another example, Village 1107 argued that much of Strojnik's Opening Brief failed to cite to the actual record. Strojnik has failed to dispute that as well, choosing instead to repeat the statements from his Opening Brief without any evidentiary basis.

Village 1107 also asked this Court in the alternative to summarily affirm the District Court. Other than to repeat his arguments from his Opening Brief, Strojnik failed to present any argument regarding why, as argued by Village 1107, this Court's existing precedent does not foreclose each of his purported issues on appeal. Given that Strojnik has merely repeated the arguments in his Opening Brief and has not presented any response to the Motion to Dismiss, Village 1107 Coronado, Inc. requests that this Court dismiss the appeal for lack of an adequate record (and failure to cite to the record in support of his purported statement of facts), or alternatively, summarily affirm the District Court as it is manifest that the questions on which the decision in the appeal depends are so insubstantial as not to justify further proceedings pursuant to Circuit Rule 3.6(a).

## ARGUMENT

### I.

### **STROJNIK HAS FAILED TO EVEN ADDRESS THE ISSUES RAISED IN THE MOTION TO DISMISS REGARDING THE LACK OF AN ADEQUATE RECORD AND CITATIONS TO THE RECORD**

Strojnik has failed to even address the inadequacy of his record presented in support of his appeal, nor has he responded at all to Village 1107's argument that Strojnik failed to cite to any record on appeal in support of many of his

contentions. Accordingly, he apparently is conceding that (1) he has failed to present an adequate record on appeal and (2) that he does not cite to evidence in what little record he did present. *Maciel v. Cate*, 731 F.3d 928, 932 n.4 (9th Cir. 2013) ("Maciel has forfeited this argument by failing to address it in his reply brief"); *Pecover v. Elec. Arts Inc.*, 633 F. Supp. 2d 976, 984 (N.D. Cal. 2009) ("[P]laintiffs have effectively conceded, by failing to address the issue in their opposition memorandum.").

    This Court need not rely on Strojnik's failure to address these points, as it is readily apparent from his Opening Brief that he is challenging the District Court's factual findings, based on the testimony at the evidentiary hearing and the exhibits received therein, that (1) Strojnik lacked any credibility and (2) that he specifically had the ability to pay the court-ordered fees and sanctions. Since a district court's factual findings are reviewed for clear error, there is no way for Strojnik to argue that any factual findings are clearly erroneous without presenting this Court with a record of the evidentiary hearing and the exhibits admitted. *Deitz v. Ford (In re Deitz)*, 760 F.3d 1038, 1051 (9th Cir. 2014). "If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion." *Cmty. Commerce Bank v. O'Brien (in Re*

*O'Brien)*, 312 F.3d 1135, 1136 (9th Cir. 2002). *See also*, Circuit Rule 10-3.

Strojnik has also persisted in liberally referring to so-called "facts" that are not only not found in the Excerpts of Record that Strojnik submitted, but are not in the record at all. This Court has dismissed cases for exactly this type of "fast and loose" conduct. *N/S Corp. v. Liberty Mut. Ins. Co.*, 127 F.3d 1145, 1146 (9th Cir. 1997). As this Court stated in *N/S Corp.*, "while the opening brief is replete with assertions of fact and assertions about the record, it contains a mere handful of generalized record citations. See Fed. R. App. P. 28(e); 9th Cir. R. 28-2.8. The brief leaves it up to the court to attempt to find the asserted information; alas, much of it is not there at all." *Id. See Mitchel v. Gen. Elec. Co.*, 689 F.2d 877, 879 (9th Cir. 1982) ("Mitchel's failure to refer to the record works a hardship not only on this court, but also on the opposing litigants. We should not expect a party to expend large amounts of time and money sifting through the trial record in search of support for an opposing party's allegations. This appeal is dismissed for failure to comply with Fed. R. App. P. 28(a)(3). . .").

Not only has Strojnik failed to address why he did not include the transcript of the evidentiary hearing and the exhibits submitted in the evidentiary hearing, which are explicitly required by this Court, but he actually doubled down on his failure to cite to the record by repeating falsehoods regarding Mr. Stillman, his

Declaration (to which Strojnik refers but understandably does not include in his Excerpts of Record, since his characterizations are false), his puzzlement at how the District Court could find that he had the ability to pay, and his false statements about Village 1107's purported fee arrangements with counsel. Of course, this type of conduct is nothing new for Strojnik, considering that the Northern, Central and Southern Districts of California, the District of Arizona and the state courts of California and Arizona have all found his complaints and conduct frivolous and vexatious. Because Strojnik has conceded the inadequacy of his Opening Brief and his Excerpts of Record, and in light of his extraordinarily checkered litigation history as a lawyer disbarred for filing over 1,700 fraudulent ADA lawsuits, there is no reason for this Court to extend any leniency towards Strojnik and the appeal should be dismissed.

## II.

## **SUMMARY AFFIRMANCE IS APPROPRIATE IF THIS COURT DECLINES TO DISMISS STROJNIK'S APPEAL OUTRIGHT**

The fact that the issues raised by Strojnik in his appeal are insubstantial and directly contrary to this Court's precedent is all the more reason why this Court should dismiss Strojnik's appeal. However, other than to repeat the arguments in his Opening Brief, he has failed to explain why his "issues" are not foreclosed.

Each of Strojnik's "issues" on appeal are so insubstantial that, coupled with his failure to present an adequate record on appeal and provide citations to the record in his Opening Brief, justify summary affirmance.

A.  <u>Stronik's Issue No. 1 Is Frivolous.</u>

Strojnik frames his first issue on appeal as "Whether an award of attorney's fees to Appellee in the amount of $44,246 was error in light of Appellee's $2,500 flat fee agreement with its counsel." Opening Brief, p. 3. Strojnik does not respond to any of Village 1107's arguments regarding why this issue is frivolous.

First, the *only* fees at issue is the $22,251 awarded as a compensatory sanction for Strojnik's civil contempt, not the total of $44,246, which includes the amount of fees awarded by the District Court when it dismissed Strojnik's complaint. That Order awarding $21,995 was never appealed and therefore is not before this Court. Strojnik never responded to this argument.

Second, and substantively, Strojnik's entire argument on this point is based on facts not in the record – that Mr. Stillman *had* a flat rate fee agreement with Village 1107 limiting their fees to $2,500. Although Village 1107's fee agreement with counsel is irrelevant, the only "evidence" of this issue is a flyer by California Hotel & Lodging Association that it had arranged for a flat rate fee with Mr. Stillman for its members. That is it. There is no evidence that Village 1107 either

has such an arrangement or that it is a member of the California Hotel & Lodging Association. Strojnik fails to address this point either. Therefore, even if Village 1107's fee agreement with counsel *could be* relevant, there is nothing in the record to support Strojnik's contention.

Finally, as discussed in the Motion, precedent from this Court and the Supreme Court establish that the fee agreement with counsel is irrelevant to an award of attorney's fees for a prevailing defendant in an ADA case. *Nadarajah v. Holder,* 569 F.3d 906, 916 (9th Cir. 2009), quoting *Blum v. Stenson*, 465 U.S. 886, 892-95, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984). Not only does Strojnik not illuminate this Court regarding why he contends that *Nadarajah* does not foreclose his first issue, but he does not even address the fact that a district court has broad discretion to determine the reasonableness of attorney's fees, *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992), and why the District Court abused that broad discretion. Thus, his first issue on appeal is frivolous.

B.  Strojnik's Second Issue On Appeal Is Insubstantial.

Strojnik framed his second issue as "Whether a finding of civil contempt for non-payment of attorney's fees coupled with a threat of coercive incarceration is error: a. As a matter of procedure; and/or b. Where Appellant proved inability to pay;" Opening Brief, p. 3. Both "sub-issues" are frivolous. First, the District

Court made a factual finding that Strojnik *did* have the ability to pay. By failing to present the transcript of the evidentiary hearing and the exhibits submitted at the hearing, Strojnik cannot show that the District Court's finding was clearly erroneous.

Second, Strojnik seeks an advisory opinion from this Court regarding whether a district court can enforce an order to pay attorney's fees as a compensatory sanction through coercive incarceration. As discussed in the Motion, that issue is not ripe because the District Court has not incarcerated Strojnik yet, and may decide *not* to incarcerate him, as deserving as he might be. Other than to repeat his Opening Brief, Strojnik does not address *this* issue either.

In *Collect Access, LLC v. Hernandez (In re Hernandez)*, No. SC-13-1301-PaJuKu, 2014 Bankr. LEXIS 1406, at *24 (B.A.P. 9th Cir. Apr. 4, 2014), the Bankruptcy Appellate Panel held that "the Attorney Fee Order was a definite and specific order that Collect knowingly elected to disregard. Accordingly, the bankruptcy court did not abuse its discretion in finding Collect in contempt." Strojnik also fails to present any case law in support of his claim that an order to pay attorney's fees for filing and litigating a frivolous case is the equivalent of a money judgment. *See e.g.*, *Rosales v. Wallace (In re Wallace)*, 490 B.R. 898, 907 (B.A.P. 9th Cir. 2013), citing *Cleveland Hair Clinic, Inc. v. Puig,*

106 F.3d 165, 166 (7th Cir. 1997) ("a court's monetary sanction for a contemnor's misconduct is not an 'ordinary' money judgment, and therefore the use of the contempt power is a proper method to enforce a sanction for misconduct."). Accordingly, there is no substance to Strojnik's second issue on appeal.

C.  Strojnik's Third Issue – That The Court Lacked Subject Matter Jurisdiction To Award Attorney's Fees – Is Frivolous.

Strojnik's final remaining issue is "Whether the district court retained jurisdiction over any aspect of the case following its finding that it lacked subject matter jurisdiction for want of standing." Opening Brief, p. 3. First, Strojnik never appealed the District Court's January 12, 2021 Attorneys' Fee Order. Thus, it is too late to claim that the District Court lacked jurisdiction to make that attorneys' fee award.

Second, as discussed in the Motion, in *Amphastar Pharm. Inc. v. Aventis Pharma SA*, 856 F.3d 696 (9th Cir. 2017), this Court rejected the exact claim made by Strojnik here – that a court dismissing a case for lack of subject matter jurisdiction cannot make an award of attorney's fees. To the extent that the sole case on which Strojnik relies in his Opening Brief, *Smith v. Brady*, 972 F. 2d, 1095 (9th Cir. 1988) holds otherwise, it has been overruled by the Supreme Court's intervening *CRST Van Expedited Inc. v. E.E.O.C.* __ U.S. __,136 S. Ct. 1642,

1646, 194 L. Ed. 2d 707 (2016) and this Court's *Amphistar* decision. Strojnik does not address this issue either. Accordingly, his third and last issue on appeal lacks any merit.

## CONCLUSION

For the foregoing reasons, Defendant requests that this Court dismiss the appeal for lack of an adequate record and brief or in the alternative, summarily affirm the district court's judgment.

                                                          Respectfully submitted,

                                                          STILLMAN & ASSOCIATES

Dated: December 17, 2021           By:_____
                                                     Philip H. Stillman, Esq.
                                       *Attorneys for Village 1107 Coronado, Inc.*

## CERTIFICATE OF COMPLIANCE

Pursuant to Ninth Circuit Rule 27(d)(2)(A), I certify that the foregoing Motion to Dismiss Appeal is proportionally spaced in serif font (Times New Roman style), has a typeface of 14 points, and contains 2,192 words, excluding the parts of the brief exempted by Rule 27(a)(2)(B) and complies with the page limits in Circuit Rule 32-3(2). This Motion was prepared using WordPerfect and the word court was determined using the Corel WordPerfect word count application.

                                          **STILLMAN & ASSOCIATES**

Dated: December 17, 2021          By:_____
                                                 Philip H. Stillman, Esq.
                                           *Attorneys for Village 1107 Coronado, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on December 17, 2021

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ *Philip H. Stillman*

_____

Philip H. Stillman